STATE of Missouri, Plaintiff/Respondent,

v.

Thomas WILLIAMS,
Defendant/Appellant.

Thomas WILLIAMS, Movant,

v.

STATE of Missouri, Respondent.

Nos. 64013, 66617.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 22, 1995.

Talat M. Bashir, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Judge.

Defendant appeals from a conviction for stealing, pursuant to § 570.030 RSMo 1944, obtained in Circuit Court of the City of St. Louis and for which defendant was sentenced to fifteen years. The sentence was later vacated and defendant was resentenced to seven years. This is a consolidated appeal of defendant's denied 29.15 motion and the direct appeal from the trial court.

Mr. Daniel Roach (victim) testified that on August 11, 1991 he saw the defendant rummage through his truck and then drive away in a light blue Chevrolet Impala, license number WTA244 (Impala). Victim claims that he did not see defendant remove the weed-eater from his truck but that he did see him take it from the roof of the Impala and place it in the car before he drove away. The victim was able to obtain the license number of the Impala as it left the scene. The victim then called 911 and relayed the incident to the police. The license number reported by the victim was WTA244 and registered to defendant's sister. Defendant was arrested and taken into custody. The victim made a positive identification of defen-

dant. At trial, Detective Calloway testified regarding a separate, previous occurrence with defendant in which pictures were taken of an Impala that the defendant operated on October 26, 1990. The defendant objected to this testimony and the trial court overruled, admitting the testimony. The admissibility of the testimony is one of two issues on appeal. The trial judge submitted a jury instruction defining "reasonable doubt" in compliance with 302.04 of the MAI–CR3d. The defendant raises the constitutionality of this instruction in his second point on this appeal. The jury found the defendant guilty. The motion court denied his motion for a new trial as well as his 29.15 motion for post-conviction relief. We affirm.

■ The State contends that the issue of the admissibility of the witness' testimony was not properly preserved for appeal. The state claims that, at trial, the defense counsel did not specifically object to the testimony but only to the admission of the photographs. The State also asserts that, even if the trial objection sufficed to preserve the issue for appeal, the motion for a new trial did not. We find the trial objection sufficiently specific to include both the photographs and the testimony of the witness. However, the question was not properly preserved by the motion for a new trial.

In the motion for a new trial defendant brought a new theory of inadmissibility based on a constitutional violation of due process by denying the defendant effective cross-examination of the witness. Defendant claims that the witness's testimony denied him the ability to effectively cross examine the witness because such examination would have brought out evidence of prior criminal acts by the defendant and, thereby, denied his right to due process under the Fourteenth Amendment. This Court has clearly set out that in order to preserve a constitutional issue for appeal "a party must (1) raise the constitutional issue at the first available opportunity, (2) specifically designate the constitutional provision claimed to have been violated by express reference to the article and section of the constitution or by quoting the provision itself, (3) state the facts showing the violation; and (4) preserve the consti-

tutional question throughout for appellate review." *State v. Hillis,* 748 S.W.2d 694, 697 (Mo.App.1988). Defense counsel's objection at trial failed to state any specific constitutional grounds for the objection to the witness's testimony. It was therefore not properly preserved for appeal. Point dismissed.

Notwithstanding the improper preservation of this issue for appeal, defendant's appeal does not succeed on the merits. We will examine, ex gratia, the questions of relevancy and admissibility of the testimony as prior crime evidence.

■ In his first point, defendant argues that the testimony of the witness was "irrelevant, inadmissible, and prejudicial as regards to the charged offense of stealing a weed-eater on August 11, 1991." The issue of relevancy is a clear one. The photographs and the testimony are relevant to show that the defendant had the opportunity to drive the 1980 Chevrolet Impala with license number WTA244. The victim identified the Impala as the car which the defendant drove when stealing his weed-eater. The victim did so by writing the license plate number down and describing the make and model with detailed accuracy. To sustain the accuracy of the identification, it was relevant to introduce evidence that the defendant had access to the aforementioned motor vehicle prior to stealing the property of the victim. Accordingly, the fact that the defendant drives the car which the victim identified tends to prove "a fact that is of consequence." *Ashby v. Johnson,* 792 S.W.2d 7 (Mo.App.1990) The evidence is most certainly relevant to this case.

■ Defendant asserts that the testimony of the police officer resulted in inadmissible prior crime evidence. After a review of the transcript we conclude that defendant's assertion is without merit. The officer identified three photographs of an Impala with the same license plate number (WTA244), taken in 1990. The officer testified that the defendant drove the same Impala on that day. No further reference was made to the photograph. Such evidence could hardly be construed as past criminal activity of the defen-

dant. Defendant's first point on its merits is denied.

■ Defendant's second point asks us to consider for plain error the trial judge's use of the jury instruction which defines reasonable doubt. The defendant argues that the instruction dilutes the burden of proof and is, therefore, unconstitutional. This court will not consider the issue under plain error. This point teeters on the brink of frivolous prate. The instruction given by the trial judge complied with MAI–Cr3d 302.04. Said instruction has been repeatedly approved by the Missouri Supreme Court. *State v. Blankenship,* 830 S.W.2d 1, 13 (Mo. banc 1992); *State v. Twenter,* 818 S.W.2d 628, 634 (Mo. banc 1991). This court is constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. *State v. Weems,* 800 S.W.2d 54, 58 (Mo.App. 1990) Missouri Constitution Article V, section 2. Point two is denied.

■ Allegations of error that are not briefed or are not properly briefed on appeal shall not be considered by this court except errors respecting the sufficiency of the information or indictment, verdict, judgment, or sentence. Accordingly, defendant has abandoned the portion of his consolidated appeal on the denial of his 29.15 motion by failing to brief any errors with respect to the denial of post-conviction relief.

Judgment Affirmed.

SMITH, P.J., and WHITE, J., concur.