Daniel LESINSKI, et al., Appellants,

v.

JOSEPH P. CAULFIELD & ASSOCIATES, INC., et al., Respondents.

No. ED 75884.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 29, 2000.

Daniel S. Peters, Herzog, Crebs & McGhee, LLP, St. Louis, for appellants.

Arthur G. Muegler, Jr., St. Louis, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellants, Daniel Lesinski and Cynthia Lesinski, ("homeowners"), appeal the judgment of the Circuit Court of St. Louis County, denying their partial motion for summary judgment and motion to dismiss. We dismiss for lack of appellate jurisdiction.

On February 1, 1996, homeowners' home was substantially destroyed by a fire. At that time, the property was insured by State Farm Fire and Casualty Company ("State Farm"). On March 14, 1996, homeowners retained respondent, Joseph P. Caulfield of Joseph P. Caulfield & Associates, Inc., ("adjuster").[1] Homeowners signed a contract which granted adjuster an eight percent contingency fee in return for adjuster to negotiate, represent, and speak on their behalf, with respect to the February 1 fire loss of their property.

After several months of negotiations between State Farm and adjuster, there was little progress in settling the case. Sometime in November or December of 1996, State Farm filed a declaratory judgment action seeking declaration of their obligations with respect to the fire losses under the insurance policy. Homeowners retained an attorney to represent them in the State Farm suit and rescinded and terminated the contract between them and adjuster. The insurance claim was submitted to arbitration and on February 17, 1997, the arbitrator awarded homeowners $393,920.00 on their insurance claim.

Adjuster made a contingency fee contract demand of eight percent of the settlement award. Homeowners refused and claimed that the contract between them and adjuster was rescinded. On March 10, 1997, homeowners filed a petition for declaratory judgment seeking a declaration of their obligations, if any, to adjuster under the March 14, 1996 contract. On April 21, 1997, adjuster filed a motion to dismiss, which was denied. On July 28, 1997, adjuster filed its answer and counterclaims. Counterclaim I was for breach of the contract, and counterclaim II was in quantum meruit. On December 23, 1997, homeowners filed a motion for summary judgment on their petition for declaratory judgment. On January 26, 1998, the trial court granted homeowners partial summary judgment, as to their declaratory judgment claim, and count I of adjuster's counterclaim, and denied it as to count II of adjuster's counterclaim.

On October 29, 1998, homeowners filed a motion to dismiss count II of adjuster's counterclaim for quantum meruit.[2] On November 9, 1998, the jury returned a verdict in favor of adjuster for $28,993.24. The trial court entered judgment on November 18, 1998. Homeowners filed motions for new trial and for judgment notwithstanding the verdict, which were denied. Homeowners appeal. The record on appeal does not include the trial transcript.

---

1. Joseph P. Caulfield & Associates, Inc., is a Missouri corporation who engaged in the public insurance claim adjusting business.

2. The record does not show whether the trial court ruled on it or not. But appellants suggest that since the trial court allowed the jury to decide the case, at least, that is an indication that their motion to dismiss was overruled.

Homeowners raise two points on appeal. Homeowners argue the trial court erred in: 1) denying their motion for summary judgment as to adjuster's counterclaim II – quantum meruit, and 2) in denying its motion to dismiss adjuster's counterclaim II – quantum meruit. Adjuster filed a motion to dismiss homeowners' appeal and for Rule 84.19 damages. Adjuster, in his motion to dismiss appeal, claims this court does not have jurisdiction. The motion to dismiss appeal was taken with the case.

The court's denial of either "a motion to dismiss or a motion for summary judgment is not a final judgment and is not reviewable." *Reis v. Peabody Coal Co.*, 935 S.W.2d 625, 632 (Mo.App. E.D. 1996). "A trial court order denying a party's motion for summary judgment is not reviewable, even when the appeal is taken from the final judgment in the case." *Id.* See also *Cantwell v. Douglas County Clerk*, 988 S.W.2d 51, 53–54 (Mo.App. S.D. 1999).

In the case at bar, homeowners appeal the denial of their partial motion for summary judgment and motion to dismiss. The trial court granted homeowners partial summary judgment and denied summary judgment as to count II of adjuster's counterclaim in quantum meruit. Homeowners filed a motion to dismiss this counterclaim. The record does not reflect whether it was ruled on or when the trial court ruled on it. However, homeowners in their reply brief stated: "[t]he fact that the case proceed to a jury trial makes it quite clear that the motion to dismiss was not granted." After a jury trial, the jury found against homeowners and awarded adjuster $28,993.24. Homeowners, in their subsequent motions for new trial and for judgment notwithstanding the verdict did not include the claimed error in point I of their brief. Homeowners' request for us to review the denials of these motions to dismiss and for summary judgment is improperly before this court because they are not reviewable. We conclude that we lack appellate jurisdiction over the trial court's order denying these motions.

Based on the foregoing, adjuster's motion to dismiss appeal is granted, adjuster's request for Rule 84.19 damages is denied.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.