**STATE of Missouri, Respondent,**

v.

**Glen BLAIR, Appellant.**

**No. ED 84888.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 1, 2005.

N. Scott Rosenblum, Mark W. Lyons, Clayton, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Glen Blair ("Defendant"), appeals from the judgment of the Circuit Court of the City of St. Louis, following a jury trial, finding him guilty of four counts of statutory sodomy in the first degree, section 566.062, RSMo 2000 [1], one count of child molestation in the first degree, section 566.067, and one count of sexual mis-

---

**1.** All statutory references are to RSMo 2000,    unless otherwise indicated.

conduct involving a child, section 566.083. Defendant was sentenced as a persistent offender to twenty years imprisonment for each count of statutory sodomy in the first degree, ten years imprisonment for child molestation in the first degree, and three years imprisonment for sexual misconduct involving a child, all sentences to be served in the Missouri Department of Corrections and to run concurrently. We affirm.[2]

In August of 2002, Sarah Gant ("Ms. Gant") and her two children, X.M. and Q.G., moved into Defendant's residence. On several occasions, between November 1, 2002 and January 31, 2003, Defendant engaged in inappropriate sexual activities with X.M. At the time of Defendant's trial, X.M. was thirteen years old.

X.M. did not immediately report any of the incidents because Defendant threatened X.M. that if she did, he would put her and her family "out on the streets." However, X.M. eventually told her grandmother and mother about the incidents and X.M.'s mother reported them to the police.

On March 4, 2003, X.M. was interviewed by Ms. Luzette Wood ("Ms. Wood") at the Children's Advocacy Center ("the CAC") in St. Louis. In a videotaped interview ("the videotape"), X.M. reported that Defendant had engaged in inappropriate sexual activities with her. The videotape was later played for the jury and is the subject of this appeal.

On April 1, 2003, Defendant was charged with five counts of statutory sodomy in the first degree, one count of child molestation in the first degree, one count of sexual misconduct in the first degree, and one count of sexual misconduct involving a child. On April 1, 2004[3], the State of Missouri ("the State") filed its "Notice of Intention to Use Statements Under 491.075.3 RSMo." In its notice, the State informed Defendant of its intention to offer into evidence out-of-court statements made by X.M. to a class of persons including Ms. Wood from the CAC, and that such evidence would include, *inter alia,* videotapes.

A jury trial took place from April 26 to April 30, 2004. On April 27, 2004, a hearing took place outside the presence of the jury on the admissibility of X.M.'s out-of-court statements to Ms. Wood on the videotape. At the conclusion of the hearing, the court found there was a sufficient showing of reliability to render the videotape admissible.

Defendant made an oral motion for judgment of acquittal at the close of the State's case and an oral motion for judgment of acquittal at the close of the entire case, both of which the trial court denied. On April 30, 2004, the jury found Defendant guilty of four counts of statutory sodomy in the first degree, one count of child molestation in the first degree, and one count of sexual misconduct involving a child. On May 21, 2004, Defendant filed a motion for directed verdict of acquittal, or, in the alternative, for a new trial.[4] On June 17, 2004, Defendant was sentenced as a persistent offender to twenty years imprisonment for each count of statutory sodomy in the first degree, ten years imprisonment for child molestation in the first degree, and three years imprisonment for sexual misconduct involving a child, all

---

2. We deny Defendant's motion for transfer to the supreme court taken with the case.

3. While the State's notice reflects a file stamp date of "March 32, 2004," an impossible date, and the docket sheet does not reflect that this document was filed with the court, the certifi-

cate of service indicates the document was filed and mailed to opposing counsel on April 1, 2004.

4. Nothing in the record indicates that the trial court ever ruled upon this motion.

sentences to be served in the Missouri Department of Corrections and to run concurrently. This appeal followed.

In his sole point on appeal, Defendant asserts that his Sixth Amendment right to confront witnesses was violated when the videotape was admitted through the hearsay exception of section 491.075.3.

We note initially that we have jurisdiction in this case because, as discussed below, Defendant's challenge to the constitutionality of section 491.075.3 was not preserved for appellate review. *See State v. Bowens*, 964 S.W.2d 232, 236 (Mo.App. E.D.1998).

In order to preserve a constitutional issue for appellate review, a party must (1) raise the issue at the first available opportunity, (2) note the constitutional provision claimed to be violated by specifically referencing the article and section of the constitution or by quoting the constitutional provision itself, (3) state the facts that constitute the constitutional violation, and (4) preserve the constitutional issue throughout the proceeding. *State v. Williams*, 904 S.W.2d 103, 105 (Mo.App. E.D.1995) *quoting State v. Hillis*, 748 S.W.2d 694, 697 (Mo.App. E.D.1988). When a constitutional issue is raised for the first time in a motion for new trial, it is not preserved for review. *State v. Belcher*, 805 S.W.2d 245, 251 (Mo.App. S.D. 1991).

In this case, the earliest opportunity Defendant could have raised his constitutional challenge to section 491.075.3 would have been on April 1, 2004, after the State filed its "Notice of Intention to Use Statements Under 491.075.3 RSMo." The record reflects that Defendant not only failed to raise his constitutional challenge at that time, but also failed to raise it during the pretrial hearing on the admissibility of the videotape. In addition, Defendant failed to raise the constitutional challenge when the State moved to admit the videotape at trial. Because Defendant raised the constitutionality of section 491.075.3 for the first time in his motion for new trial, it is not preserved for our review.

In similar circumstances, where the appellant raised the constitutionality of a statute for the first time in a motion for new trial, we found that because the issue had not been preserved for review, we could neither consider the issue nor transfer the appeal to the Supreme Court. *See State v. Belcher*, 805 S.W.2d at 251. Therefore, we also decline to consider the constitutionality of the statute in this case. Point denied.

Based on the foregoing, we affirm the judgment of the trial court.

GEORGE W. DRAPER III, J. and KENNETH ROMINES, J., concur.