**CEDAR GREEN LAND ACQUISITION, L.L.C., Plaintiff–Respondent,**

v.

**Vera Kay BAKER, Defendant–Appellant.**

**No. 27831.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 30, 2007.

---

Sherwin L. Epstein and Marcus G. Abbott, The Law Firm of Sherwin L. Epstein & Associates, Kansas City, MO, for Appellant.

No brief filed by Respondent.

GARY W. LYNCH, Judge.

Cedar Green Land Acquisition, L.L.C., Respondent, filed a verified petition alleging that Vera Kay Baker ("Baker"), Appellant, acted libelously, tortiously interfered with its business relations, trespassed on its property, and created a general nuisance. Baker filed her answer denying the allegations in the petition and raising as an affirmative defense § 537.528.[1] Thereafter, Baker filed a "special motion to dismiss" authorized by § 537.528. Following a hearing, the trial court denied the motion to dismiss. Baker appeals this denial. We dismiss the appeal for lack of jurisdiction.

## Analysis

▪ Preliminary to our consideration of the merits of this appeal, we are required to *sua sponte* consider whether the trial court's order denying the special motion to dismiss is an appealable order and, consequently, whether we have jurisdiction over the matter. *Hylton v. Standley*, 112 S.W.3d 482, 484 (Mo.App.2003). The right to appeal in Missouri is purely statutory, and generally a final judgment is a prerequisite to appellate review. *Fleming & Hall Admr's, Inc. v. Response Ins. Co.*, 195 S.W.3d 458, 460 (Mo.App.2006). A trial court's denial of a motion to dismiss is not a final judgment and is not reviewable. *Lesinski v. Joseph P. Caulfield & Assoc's*, 12 S.W.3d 394, 396 (Mo.App.2000).

Baker claims that despite this general rule, § 537.528 gives a party the right to appeal the denial of a "special motion" authorized under it. This issue has not previously been addressed by an appellate

---

**1.** All statutory references are to Missouri Revised Statutes (Cum.Supp.2005) unless otherwise indicated.

court of this state and as such is one of first impression.

■ Section 537.528 was enacted to address "strategic lawsuits against public policy" ("SLAPPs"). *Moschenross v. St. Louis County*, 188 S.W.3d 13, 24 (Mo.App. 2006). SLAPPs are brought primarily in retaliation for activities done in opposition to a plaintiff's business interests. *State ex rel. Diehl v. Kintz*, 162 S.W.3d 152, 157 n. 6 (Mo.App.2005). In enacting this statute, the Missouri legislature has "recognized the importance of expedited judicial consideration and prevention of unnecessary litigation expenses for actions seeking money damages from 'a person for conduct or speech undertaken or made in connection with a public hearing or public meeting[.]' " *Id.* at 157.

Section 537.528 provides, in part:

1. Any action seeking money damages against a person for conduct or speech undertaken or made in connection with a public hearing or public meeting, in a quasi-judicial proceeding before a tribunal or decision-making body of the state or any political subdivision of the state is subject to a special motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment that shall be considered by the court on a priority or expedited basis to ensure the early consideration of the issues raised by the motion and to prevent the unnecessary expense of litigation. Upon the filing of any special motion described in this subsection, all discovery shall be suspended pending a decision on the motion by the court and the exhaustion of all appeals regarding the special motion.

2. If the rights afforded by this section are raised as an affirmative defense and if a court grants a motion to dismiss, a motion for judgment on the pleadings or a motion for summary judgment filed within ninety days of the filing of the moving party's answer, the court shall award reasonable attorney fees and costs incurred by the moving party in defending the action. If the court finds that a special motion to dismiss or motion for summary judgment is frivolous or solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney fees to the party prevailing on the motion.

3. Any party shall have the right to an expedited appeal from a trial court order on the special motions described in subsection 2 of this section or from a trial court's failure to rule on the motion on an expedited basis.

■ Baker first claims that § 537.528(3) authorizes her appeal, because it gives "any party" the "right to an expedited appeal" if the rights afforded in § 537.528 are raised as an affirmative defense. However, this language does not afford a party the right to an interlocutory appeal, but rather only requires that when an appeal is filed it is handled in an expedited manner by the appellate court. Therefore, if a trial court *grants* any of the special motions authorized by § 537.528, they may become final, appealable orders from which the statute says a party has a right to an expedited appeal.[2] However, *denials* of any of the special motions are not final, appealable orders. *See, e.g., Transatlantic Ltd. v. Salva*, 71 S.W.3d 670, 675–76 (Mo.App.2002) (generally, the denial of a summary judgment is not appealable, however, in certain circumstances, the denial of a party's motion for summary judgment can be reviewed when its merits are completely intertwined with a grant of summary judgment in favor of an opposing party); *Lesinski v. Joseph P. Caulfield & Assoc's, Inc.*, 12 S.W.3d 394, 396 (Mo.App.

**2.** At this time, we do not address the issue of what an "expedited appeal" entails.

2000) (denial of a motion to dismiss is not an appealable order); *Atlas Sec. Servs., Inc. v. Git–N–Go, Inc.,* 728 S.W.2d 727, 728 (Mo.App.1987) (denial of a motion for judgment on the pleadings is not an appealable order).

This interpretation of the term "expedited appeal" finds support in the language of § 188.028.2(5), RSMo 2000. This section sets out the procedures for appealing an order of court granting a minor the right to consent to an abortion or granting the minor consent for an abortion by court order. It states that "[b]ecause time may be of the essence . . . the supreme court of this state shall, by court rule, provide for *expedited appellate review* of cases appealed under this section." (Emphasis added.) It is clear that the term "expedited" in this case means "quickly," as the provision clearly states that time may be of the essence. Because the legislature uses the term "expedited" in another statute, clearly indicating employing a quick review procedure, we believe they intended the term "expedited appeal" in § 537.528(3) to also refer to the appeal being done quickly, as opposed to authorizing an interlocutory appeal.

Baker also claims that § 537.528(1) authorizes her appeal because it suspends all discovery upon the filing of any special motion pending "a decision on the motion by the court and the exhaustion of all appeals regarding the special motion." She claims that if appeals cannot be taken from denials of special motions, then suspending discovery until the "exhaustion of all appeals" is simply excess verbiage. However, nothing in § 537.528(1) can be read to explicitly give a party the right to an interlocutory appeal. When the legislature has decided to make a rule contrary to the general rule and grant a party the right to an interlocutory appeal, it has done so specifically and with clarity. *See,* e.g., § 211.261, RSMo 2000 (giving the ju-

venile officer the right to make an interlocutory appeal of certain orders in juvenile proceedings); § 472.160, RSMo 2000 (giving any interested person the right to make an interlocutory appeal of certain orders in probate matters); § 547.200, RSMo 2000 (giving the state the right to make an interlocutory appeal of certain orders in criminal proceedings). Absent such specific language in § 537.528, the general rule requiring finality still applies.

### Conclusion

The general rule requiring finality before an order or judgment is appealable applies to § 537.528, and because a denial of a motion to dismiss is not a final judgment, it is not reviewable. This appeal is dismissed for lack of jurisdiction.

BATES, P.J./C.J., and BARNEY, J., concur.