**STATE of Missouri, Respondent,**

v.

**Ronald NEWLON, Appellant.**

**No. ED 86885.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 13, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 2007.

Robert W. Lundt, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Assistant Attorney General, Jefferson City, MO, for respondents.

GARY M. GAERTNER, SR., Judge.

Appellant, Ronald Newlon ("Defendant"), appeals from the judgment of the Circuit Court of the City of St. Louis, following a jury trial, finding him guilty of

two counts of exposing other persons to HIV without their knowledge and consent, section 191.677, RSMo 2000 (Supp.2002).[1] Defendant was sentenced as a persistent sexual offender to ten years of imprisonment for each count, with the sentences to run concurrently. We affirm.[2]

Steven Vance ("Vance"), an HIV counselor with the St. Louis City Health Department ("the Health Department"), met with Defendant in July 1998. Defendant informed Vance that he was HIV-positive and that he wanted to get proof of his HIV status so he could receive case management services through the Health Department. Vance explained to Defendant the risk factors of HIV, including that, according to Missouri law, he must use condoms and inform his partners about his HIV status. Vance also informed Defendant that they could meet again after his test results came in.

On July 27, 1998, after Defendant's test results came in, Vance met with Defendant for post-test counseling. Vance informed Defendant that he tested positive for HIV and again explained to Defendant his rights and responsibilities, including informing his sex partners and healthcare providers.

In March 2003, Dana Patterson ("Patterson") was dating Defendant. They met on a chat line. Patterson and Defendant engaged in sexual intercourse together during their relationship. They used condoms at the beginning of their relationship, but stopped using them after they had been dating awhile. Defendant did not tell Patterson that he was HIV-positive prior to engaging in sexual intercourse.

Also in March 2003, Velmaresa Haynes McMillion ("McMillion") met Defendant over the telephone after he accidentally called her phone number. They became friends, talked on the phone, and spent time with one another. McMillion also became friends with Patterson. In June 2003, McMillion and Defendant had sexual intercourse. They used a condom. Defendant did not tell McMillion that he was HIV-positive prior to having sexual intercourse.

Thereafter, McMillion became informed that Defendant was HIV-positive and told Patterson. When McMillion and Patterson confronted Defendant about his HIV status, he denied having HIV.

McMillion contacted Detective Janet McKern ("Detective McKern"), a detective in the Sex Crimes Unit of the City of St. Louis Police Department, and told Detective McKern that Defendant did not inform her of his HIV status prior to engaging in sexual intercourse. Detective McKern also met with Patterson.

Defendant was charged by indictment with one count of exposing Patterson to HIV without her knowledge and consent and one count of exposing McMillion to HIV without her knowledge and consent. A jury trial occurred in June 2005. Defendant filed an oral motion for a judgment of acquittal at the close of the State's evidence and at the close of all of the evidence, both of which the trial court denied. The jury found Defendant guilty of two counts of exposing other persons to HIV without their knowledge and consent. Defendant filed a motion for a judgment of acquittal, or in the alternative, a new trial, which the trial court denied. The trial court sentenced Defendant as a persistent sexual offender to ten years of imprison-

1. All statutory references are to RSMo 2000 (Supp.2002) unless otherwise indicated.

2. We deny Defendant's "Motion to Transfer to Missouri Supreme Court" taken with the case.

ment for each count, with the sentences to run concurrently. This appeal followed.

In his first point on appeal, Defendant asserts that the trial court violated his constitutional right to due process of law, in violation of the United States and Missouri Constitutions, by submitting Instruction No. 8 to the jury. Instruction No. 8 was patterned after section 191.677.4 and MAI–CR 3d 332.80 (effective Sept. 1, 2003). (MAI–CR 3d 332.80 is based on section 191.677.4.) Defendant contends that both section 191.677.4 and MAI–CR 3d 332.80 are unconstitutional.

▪ In order to preserve a constitutional issue for appellate review, a party must (1) raise the issue at the first available opportunity, (2) state the constitutional provision claimed to be violated by specifically referencing the article and section of the constitution or by quoting the constitutional provision itself, (3) state the facts that comprise the constitutional violation, and (4) preserve the constitutional issue throughout the criminal proceeding. *State v. Blair*, 175 S.W.3d 197, 199 (Mo.App. E.D.2005).

▪ In his first sub-point on appeal, Defendant asserts that section 191.677.4 is unconstitutionally overbroad. We note that the earliest opportunity at which he could have raised the challenge was before trial in a motion to quash the indictment.[3] *See State v. Zismer*, 696 S.W.2d 349, 351 (Mo.App. S.D.1985) (stating that the first time to challenge a statute's constitutionality is to attack the charging document). Defendant made no such motion. Defendant failed to raise a constitutional challenge at the instruction conference, when the State submitted Instruction No. 8, and

Defendant also failed to raise a constitutional challenge in either of his motions for a judgment of acquittal or in his motion for a new trial. Because Defendant raised the constitutional challenge of section 191.677.4 for the first time on appeal, it is not preserved for review. *See Pavlica v. Director of Revenue*, 71 S.W.3d 186, 191 (Mo.App. W.D.2002) (holding that a constitutional challenge was not properly preserved when it was raised for the first time on appeal).

Thus, because Defendant's challenge was not preserved for appellate review, jurisdiction pertaining to the constitutionality of section 191.677.4 lies with this court. *See State v. Bowens*, 964 S.W.2d 232, 236 (Mo.App. E.D.1998). But the Western District has held that when an appellant challenges the constitutionality of a statute for the first time on appeal, it could neither consider the issue nor transfer the appeal to the Supreme Court. *State v. Anthony*, 857 S.W.2d 861, 866 (Mo.App. W.D.1993). As a result, we decline to consider Defendant's constitutional challenge to section 191.677.4. Sub-point denied.

▪ In his second sub-point on appeal, Defendant raises two challenges to the constitutionality of Instruction No. 8, which was patterned after MAI–CR 3d 332.80. We note that, as discussed below, in contrast to the constitutional challenge to section 191.677.4, Defendant has preserved these challenges for review.

First, Defendant raised the issue of the constitutionality of Instruction No. 8 at the first available opportunity: the instruction conference.

---

3. The indictment charged Defendant with violating section 191.677. Although the indictment did not specifically state Defendant violated section 191.677.4, the words of the indictment indicate Defendant was being charged with violating section 191.677.1(2)(a). A simple reading of the statute indicates that section 191.677.4 applies to section 191.677.1(2)(a).

Second, Defendant claimed that the instruction violates the following due process provisions: U.S. Const. amends. IV, V, VI, XIV; Mo. Const. art. I, §§ 2, 10, 15, 18A, 19–22(a).

Third, at the instruction conference, Defendant alleged that Instruction No. 8 is unconstitutional because it "contradicts the third element of the charge of reckless exposure by contact with semen in the course of sexual intercourse ... what this instruction is saying is that somebody who is careful and is not being reckless and using a condom, you can't take that into account." Essentially Defendant alleges that if one uses a condom, one cannot be said to have acted recklessly. In addition, Defendant alleged that Instruction No. 8 is unconstitutional because it is unclear whether the term "person," as used in the portion of the instruction stating "the use of a condom will not relieve a person of responsibility for a person's conduct," refers to the defendant or the victim.

Finally, Defendant raised the alleged constitutional violations in his motion for new trial. Thus, Defendant successfully preserved these constitutional challenges for appellate review.

■ We must next determine whether jurisdiction lies with this court to consider Defendant's two challenges. Article V, section 3 of the Missouri Constitution provides the Missouri Supreme Court with exclusive jurisdiction over real and substantial constitutional challenges. *Legal Communications v. St. Louis County*, 24 S.W.3d 744, 748–49 (Mo.App. E.D.2000). If a constitutional claim is simply colorable, however, the court of appeals may address the challenge. *Id.*

■ A constitutional challenge is real and substantial when

upon preliminary inquiry, the contention discloses a contested matter of right, involving some fair doubt and reasonable room for controversy; but, if such preliminary inquiry discloses the contention is so obviously unsubstantial and insufficient, either in fact or law, as to be plainly without merit and a mere pretense, the claim may be deemed merely colorable.

*Sharp v. Curators of University of Missouri*, 138 S.W.3d 735, 738 (Mo.App. E.D. 2003) (quotation omitted). Stated another way, a claim is real and substantial if it presents an issue of first impression. *Id.* On the other hand, the Missouri Supreme Court has defined the term "colorable," within this context, as "feigned, fictitious or counterfeit, rather than plausible." *Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 52 (Mo.banc 1999).

■ Defendant first contends that because the jury is not allowed to consider condom use in determining recklessness, MAI–CR 3d 332.80 shifts the burden from the State to the defendant to prove that he acted recklessly. That argument is similar to a constitutional challenge made to the voluntary intoxication instruction—MAI-CR 3d 310.50—which, prior to amendment, read: "You are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct." *State v. Taylor*, 944 S.W.2d 925, 936 (Mo.banc 1997). The instruction was silent regarding the State's burden of proving each element beyond a reasonable doubt, which implicitly shifted the burden off of the State. *Id.*

The instruction was thereafter amended and now provides:

The state must prove every element of the crime beyond a reasonable doubt. However, in determining the defendant's guilt or innocence, you are instructed that (an intoxicated) (or) (a drugged) condition (whether) from (alcohol) (or) (drugs) (or) ([Identify other sub-

stance.]) will not relieve a person of responsibility for his conduct (unless such condition was involuntarily produced.)

MAI–CR 3d 310.50 (effective Oct. 1, 1995). The supreme court found that there is no constitutional error in this instruction, once it was amended to include a statement regarding the State's burden. *Taylor*, 944 S.W.2d at 936.

Thus, because Defendant's claim is not an issue of first impression, we find that his claim is not real and substantial, but merely colorable. Consequently, jurisdiction lies with this court to consider the merits of Defendant's claim.

■ Instruction No. 8, which was patterned after MAI–CR 3d 332.80, states:

The State must prove every element of the crime beyond a reasonable doubt. However, in determining the defendant's guilt or innocence, you are instructed that the use of a condom will not relieve a person of responsibility for a person's conduct.

Like MAI–CR 3d 310.50, this instruction explicitly provides for the State's burden. Thus, Instruction No. 8 does not unconstitutionally shift the burden of proof to Defendant, so Defendant's argument is without merit.

■ Defendant also alleges that Instruction No. 8 is unconstitutional because it is unclear whether the term "person," as used in the portion of the instruction stating "the use of a condom will not relieve a person of responsibility for a person's conduct," refers to the defendant or the victim.

As discussed below, Defendant's claim is without merit and thus merely colorable. Accordingly, jurisdiction lies with this court to consider the merits of Defendant's claim.

■ Defendant argues that it refers to the victim's attendant responsibility when engaging in sexual intercourse with an individual who is HIV-positive. But because only a defendant bears criminal responsibility under section 191.677 and because only Defendant bears criminal responsibility under the other instructions in this case, Instruction No. 8 cannot be referring to the victim. Defendant's argument is without merit.

Therefore, we find that Instruction No. 8, which was patterned after MAI–CR 3d 332.80, is not unconstitutional. Sub-point denied.

For purposes of appeal, we will combine Defendant's second and third points on appeal. In this point on appeal, Defendant contends the trial court erred in allowing Vance to testify that Defendant is HIV-positive. Defendant contends that Vance's testimony about the medical records did not qualify under the business records exception to the hearsay rule and he was unable to confront the qualifications of the person who actually conducted the blood test.

■ The trial court is vested with broad discretion in ruling on questions of admissibility of evidence. *State v. Hawkins*, 58 S.W.3d 12, 24 (Mo.App. E.D.2001). Absent a clear showing of an abuse of that discretion, we will not interfere with the trial court's ruling. *Id.* In matters involving the admission of evidence, we review for prejudice and not mere error. *State v. Isa*, 850 S.W.2d 876, 895 (Mo.banc 1993).

■ To establish the foundation for the admission of a business record, the testifying witness need only be a custodian of the record, or other qualified witness, and must testify to the record's "identity, mode of preparation, and that it was made in the regular course of business at or near the time of the act, condition or event." *State*

*v. Hall,* 761 S.W.2d 691, 695 (Mo.App. E.D.1988).

In this case, Vance testified that he was the custodian of the records, that the records were made at or near the time each test was conducted, and that he maintained the files in a locked cabinet.

 Even assuming, *arguendo,* that Vance's testimony was improper, Defendant cannot show that he suffered prejudice from testimony that he was HIV-positive. First, Defendant did not dispute the fact that he was HIV-positive. *See State v. Anderson,* 862 S.W.2d 425, 438 (Mo.App. E.D.1993) (finding no prejudice from improperly admitted testimony where testimony regarded a non-contested issue), *overruled on other grounds by Deck v. State,* 68 S.W.3d 418, 427 n. 4 (Mo.banc 2002). Rather, during opening and closing statements, Defendant acknowledged that he was HIV-positive, but argued that both Patterson and McMillion were aware of that and consented to having sex with him.

Second, the medical records from the Health Department showing Defendant's HIV-positive status were admitted at trial along with a business records affidavit. Defendant does not challenge the admission of these medical records on appeal. Thus, Vance's testimony that Defendant was HIV-positive was merely cumulative. When improperly admitted evidence is merely cumulative to other properly admitted evidence, the admission of the evidence is not prejudicial. *State v. Robinson,* 108 S.W.3d 689, 696 (Mo.App. W.D. 2003).

Therefore, because Defendant was not prejudiced by any alleged error, the trial court did not abuse its discretion in admitting Vance's testimony. Point denied.

Based upon the foregoing, we affirm the judgment of the trial court.

GEORGE W. DRAPER III, P.J., and ROBERT G. DOWD, JR., J., Concur.