Richard M. HILBURN, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 67137.

Missouri Court of Appeals,
Western District.

June 12, 2007.

Richard M. Hilburn, Cameron, MO, Appellant Acting Pro Se.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before VICTOR C. HOWARD, C.J., ROBERT G. ULRICH, and THOMAS H. NEWTON, JJ.

ROBERT G. ULRICH, Judge.

Richard Hilburn appeals the denial of his Rule 24.035 motion by the Lafayette County Circuit Court. Mr. Hilburn was convicted of first-degree statutory sodomy following his guilty plea and was sentenced to seven years confinement. In his sole point on appeal, Mr. Hilburn claims the motion court's judgment was error because the constitutional convention delegates charged with writing a new Missouri Constitution in 1945 violated their duty to accede to the Fifth Amendment to the United States Constitution when they adopted article 1, section 17, of the prospective 1945 Missouri Constitution allowing felony prosecution by information in lieu of indictment. The point is denied, and the judgment of the motion court is affirmed.

## Facts

On May 16, 2005, the prosecuting attorney of Lafayette County, Missouri, initiated prosecution against Richard Hilburn for first-degree statutory sodomy, a felony, by an information and not by indictment. Mr. Hilburn subsequently entered his guilty plea in the Lafayette County Circuit Court. He was sentenced to seven years imprisonment in the Missouri Department of Corrections.

On September 22, 2005, Mr. Hilburn filed a Rule 24.035 post-conviction relief motion. The sole claim of error was as follows:

The duly elected and qualified 'Constitutional Convention' delegates for the people of Missouri failed to act consistent with their legal duty to demean themselves faithfully to their oath of affirmation to support the United States Constitution, by adopting Article I, Section 17, of the 1945 Missouri Constitution, proposing to authorize movant to be prosecuted for felony by an Information without an Indictment.

As a result, movant has been denied his immunity from prosecution for a capitol or otherwise infamous crime unless on a presentment or indictment of a grand jury, as guaranteed by (a) Article VI, Clause 3, of the United States Constitution, and/or (b) Article XV, Section

3, of the 1875 Missouri Constitution (as amended November 2nd, 1920), in conjunction with (a) Article VI, Clause 2, of the United States Constitution, (b) Article V of the United States Constitution, and (c) the Fifth Amendment to the United States Constitution.

Mr. Hilburn asserted the following pertinent facts in support of his motion:

1) In 1942, the people of Missouri voted to call a 'Constitutional Convention' to write a new Missouri Constitution.

2) In 1943, the 'Constitutional Convention' delegates were assembled and duly sworn upon an oath or affirmation to support the United States Constitution, and to discharge faithfully their duties as delegates to the convention.

3) In 1944, the duly elected and qualified 'Constitutional Convention' delegates for the people of Missouri, adopted a provision proposing to authorize persons be prosecuted for felony by Indictment or Information, as concurrent remedies, in Article I, Section 17, of the prospective 1945 Missouri Constitution.

4) In February 1945, a majority of people in Missouri voted to approve the 'Constitutional Convention' delegates' proposal to authorize persons be prosecuted for felony by Indictment or Information, as concurrent remedies, in Article I, Section 17, of the 1945 Missouri Constitution.

9) Article VI, Clause 3, of the Constitution of the United States, declares, "The members of the several state legislatures, and all executive and judicial officers, of the several states, shall be bound, by oath or affirmation, to support the Constitution of the United States of America."

10) Article XV, Section 3, of the 1875 Missouri Constitution (as amended November 2nd, 1920), declares, "Upon convening all 'Constitutional Convention'

delegates shall take an oath or affirmation to support the Constitution of the United States, and to discharge faithfully their duties as delegates to the convention."

12) Article VI, Clause 2, of the Constitution of the United States, declares, "The United States Constitution, and the laws of the United States which shall be made in pursuance of the United States Constitution, shall be the supreme law of the land; and the judges in every state shall be bound by the United States Constitution, anything in the constitution or laws of any state to the contrary notwithstanding."

14) The Fifth Amendment to the Constitution of the United States, declares, "No person shall be held to answer for a capitol or otherwise infamous crime unless on a presentment or indictment of a grand jury."

On January 18, 2006, the motion court entered judgment denying Mr. Hilburn's Rule 24.035 motion. Relevant to this appeal, the court made the following conclusions of law:

3) The sole issue facing this court is whether the failure of the State to proceed by Indictment deprived this Court of jurisdiction. There are two components to Movant's claim. First, Movant expressly claims that the United States and Missouri Constitutions give him immunity from prosecution except upon Indictment. Second, Movant implicitly claims that such immunity is not waiveable. Movant must succeed on both claims to prevail.

5) As to the first issue, Movant claims, in part, that the Missouri Constitution should be read as requiring an Indictment. Movant's theory is based in part on the 1875 Constitution. The 1945 Constitution clearly authorizes proceed-

ing by information. Mo. Const. art I, Section 17. Movant attempts to claim that this decision in the enactment of the 1945 Constitution was invalid based on the Supremacy Clause and related provisions of the United States Constitution. While the Supremacy Clause may require Missouri to comply with the United States Constitution in day-to-day procedures, it does not require the People of Missouri to adopt similar clauses in its Constitution. As such, this Court holds that the Missouri Constitution does not require an indictment.

6) There remains the issue of whether an indictment is required by the United States Constitution. While Movant cites to the Fifth Amendment, the original Bill of Rights did not apply to the states and were a limit on federal action only. After the enactment of the Fourteenth Amendment, the issue arose as to the effect of that Amendment on the applicability of the Bill of Rights to the States. In *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884), the United States Supreme Court held that a State could authorize proceeding by information instead of indictment. Since that time, the United States Supreme Court has not re-examined its holding nor has it given any indication that it is interested in reviewing this issue again. As such, this Court is bound by *Hurtado*. Even though *Hurtado* was decided well prior to any of the cases on selective incorporation of the Bill of Rights, it is still the last decision by the United States Supreme Court on this issue. As such, this Court, as a State Court, is without jurisdiction to overrule a decision of the United States Supreme Court. Therefore, this Court is required to hold that the United States Constitution does not establish a right to an Indictment in a state criminal proceeding.

9) [T]his court holds that Movant did not have a right to have his case proceed only by indictment.

Mr. Hilburn's appeal followed.

**Jurisdiction**

■■■ Mr. Hilburn asserts that jurisdiction for this appeal lies exclusively with the Missouri Supreme Court as he is challenging the validity of a provision of the Missouri Constitution. "Article V, section 3 of the Missouri Constitution provides the Missouri Supreme Court with exclusive jurisdiction over real and substantial constitutional challenges." *State v. Newlon*, 216 S.W.3d 180, 185 (Mo.App. E.D.2007). "If a constitutional claim is simply colorable, however, the court of appeals may address the challenge." *Id.* A constitutional challenge is real and substantial when:

upon preliminary inquiry, the contention discloses a contested matter of right, involving some fair doubt and reasonable room for controversy; but, if such preliminary inquiry discloses the contention is so obviously unsubstantial and insufficient, either in fact or law, as to be plainly without merit and a mere pretense, the claim may be deemed merely colorable.

*Id.* (citation omitted). "Stated another way, a claim is real and substantial if it presents an issue of first impression." *Id.* As will be demonstrated, *infra*, Mr. Hilburn's claim is colorable. Thus, this court has jurisdiction.

**Standard of Review**

■■■ Appellate review of the denial of a post-conviction motion is limited to the determination of whether the findings of fact and conclusions of law are "clearly erroneous." *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc 1996). Findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire

record, the court is left with the definite and firm impression that a mistake has been made. *State v. Taylor,* 929 S.W.2d 209, 224 (Mo. banc 1996). On review, the motion court's findings and conclusions are presumptively correct. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991).

## Analysis

■ In his sole point on appeal Mr. Hilburn claims the motion court erred in denying his Rule 24.035 motion. He asserts that the constitutional convention delegates violated their duty to support the United States Constitution as set forth in Article VI, Clause 3, of the United States Constitution. He further claims the constitutional convention delegates violated their duty to support and demean themselves faithfully to the United States Constitution as set forth in article XV, section 3, of the 1875 Missouri Constitution. Mr. Hilburn asserts the delegates violated these duties by adopting article 1, section 17, of the prospective 1945 Missouri Constitution, and thereby allowing felony prosecution by information without indictment in contravention of the Fifth Amendment to the United States Constitution's prohibition of the same.

Mr. Hilburn claims that the motion court misunderstood his argument. He does not assert an argument rooted in Fourteenth Amendment due process or equal protection jurisprudence. Instead, Mr. Hilburn maintains that the constitutional convention delegates violated their duty to support the United States Constitution when they adopted the portion of the Missouri Constitution allowing felony prosecution by information without indictment. He describes his claim as "seeking a determination of whether the 'Constitutional Convention' delegates oath or affirmation to support the U.S. Constitution imposes a limitation on the discretion and

authority of [those delegates]." Mr. Hilburn contends that the delegates responsible for amending the Missouri Constitution in 1945 exceeded the scope of their authority in altering the Missouri Constitution to allow felonies to be charged by information without indictment because this amendment conflicts with the Fifth Amendment of the United States Constitution.

■ "The Fifth Amendment of the Constitution of the United States is a limitation only upon the powers granted to the government of the United States and constitutes no such limitation upon the governments of the several states." *State v. Cooper,* 344 S.W.2d 72, 74–75 (Mo.1961). "The Fifth Amendment requirement of an indictment in all criminal cases applies only to federal crimes, not state crimes." *State v. Debler,* 856 S.W.2d 641, 655 (Mo. banc 1993)(citing *Hurtado,* 110 U.S. 516, 4 S.Ct. 111). Article 1, section 17 of the Missouri Constitution applies to state criminal charges. The Grand Jury Clause of the Fifth Amendment to the Unites States Constitution applies to federal criminal charges. The two provisions do not conflict, and the constitutional convention delegates did not violate their duty to support the United States Constitution as they did not adopt a provision that conflicts with the United States Constitution.

Mr. Hilburn argues that the judgment must be reversed because the motion court's judgment was based upon cases holding that the Grand Jury Clause does not apply to state crimes when his claim pertained to whether the constitutional convention delegates abided by their oath to support the United States Constitution. This argument is specious. The motion court found that the Grand Jury Clause does not apply to state crimes. Thus, article 1, section 17 of the Missouri Constitution does not conflict with the United States Constitution. The logical conclu-

sion is that the delegates did not violate their oath by adopting a provision that does not conflict with the United States Constitution.

The motion court did not err in denying Mr. Hilburn's Rule 24.035 motion. The point is denied, and the judgment is affirmed.

All concur.