In the Matter of the Care and Treatment of Richard **ARNOLD**, a/k/a **Richard D. Arnold**, a/k/a **Richard Dean Arnold**, a/k/a **Ricky Arnold**, Appellant.

No. ED 90539.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 7, 2009.

394 

Emmett D. Queener, Columbia, MO, for Appellant.

Shaun J. Mackelprang, Jayne T. Woods, Jefferson City, MO, for Respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

Richard Arnold (hereinafter, "Appellant") appeals the trial court's judgment,[1] committing him to secure confinement in the custody of the Department of Mental Health as a sexually violent predator. Appellant raises two points on appeal, claiming the trial court erred in denying his motion to dismiss and challenging the constitutionality of Section 632.495 RSMo (Cum.Supp.2006).[2] We dismiss in part and affirm in part.

Appellant does not contest the sufficiency of the evidence to support the trial court's determination that he is a sexually violent predator. Hence, there is no reason for a prolonged examination of the underlying facts in this case.

On November 30, 2006, the State filed a petition for detention and evaluation, seeking custody of Appellant as a sexually violent predator. The trial court found probable cause to support the petition. On October 9, 2007, Appellant then filed a motion to declare Section 632.495, as amended, unconstitutional. On October 15, 2007, Appellant filed a motion to dismiss for failure to comply with the statutory procedures of Section 632.484. The trial court denied these motions, and the matter proceeded to a bench trial. The trial court entered its judgment, finding Appellant to be a sexually violent predator and committing him to the custody of the director of the Department of Mental Health. Appellant appeals.

"The standard of review for a bench-tried case is well-established in Missouri." *Healthcare Services of the Ozarks, Inc. v. Copeland,* 198 S.W.3d 604, 612 (Mo. banc 2006). This Court will affirm the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Accordingly, this Court reviews the evidence in the light most favorable to the trial court's judgment. *City of St. Louis v. Riverside Waste Management, L.L.C.,* 73 S.W.3d 794, 796 (Mo.App. E.D.2002).

In his first point on appeal, Appellant claims the trial court erred in denying his

1. Appellant's brief incorrectly states this is an appeal from a judgment entered pursuant to a jury's verdict.

2. All further statutory references herein are to RSMo (Cum.Supp.2006) unless otherwise indicated.

motion to dismiss the petition due to the State's failure to follow the statutory procedure set forth in Section 632.484. Appellant avers the State improperly provided the information regarding a recent overt act to a law enforcement agency, which initiated these proceedings.

Generally, a trial court's denial of either "a motion to dismiss or a motion for summary judgment is not a final judgment and is not reviewable." *Hess v. Blacksher*, 116 S.W.3d 708, 709 (Mo.App. E.D.2003)(*quoting Lesinski v. Joseph P. Caulfield & Assoc., Inc.*, 12 S.W.3d 394, 396 (Mo.App. E.D.2000)). Thus, Appellant's first point requesting review of the denial of his motion to dismiss is not properly before this Court.[3] Point dismissed.

Appellant alleges in his second point on appeal the trial court erred in failing to declare Section 632.495 unconstitutional, thereby depriving him of his right to substantive due process of law. Appellant argues "the statute as amended is unconstitutional in that the due process clause protects against commitment except upon proof beyond a reasonable doubt of every fact necessary to qualify the person for commitment alleged in the petition."[4]

The Missouri Supreme Court is vested with exclusive jurisdiction over challenges to the constitutional validity of a statute. Mo. Const. Article V, Section 3. Constitutional challenges must be "real and substantial," which means:

[U]pon preliminary inquiry, the contention discloses a contested matter of right, involving some fair doubt and reasonable room for controversy; but, if such preliminary inquiry discloses the contention is so obviously unsubstantial and insufficient, either in fact or law, as to be plainly without merit and a mere pretense, the claim may be deemed merely colorable.

*State v. Newlon*, 216 S.W.3d 180, 185 (Mo. App. E.D.2007). Said differently, a constitutional challenge is considered "real and substantial" if it presents the Missouri Supreme Court with an issue of first impression. *Id.* By contrast, if the constitutional claim is merely "colorable", this Court retains jurisdiction and may address the claim. *Id.*

Our initial inquiry reveals Appellant's challenge to the constitutional validity of Section 632.495 is not "real and substantial" in that it does not present an issue of first impression, and therefore, is deemed merely colorable. This issue has been resolved by the Missouri Supreme Court in *In the Matter of the Care and Treatment of John R. Van Orden* and *In the Matter of the Care and Treatment of Richard Wheeler*, 271 S.W.3d 579 (Mo. banc 2008). In that case, *Van Orden* and *Wheeler* argued "[S]ection 632.495 is unconstitutional because due process requires the state to prove they are subject to commitment beyond a reasonable

---

**3.** We note, however, that the Missouri Supreme Court in the combined cases of *In the Matter of the Care and Treatment of John R. Van Orden* and *In the Matter of the Care and Treatment of Richard Wheeler*, 271 S.W.3d 579 (Mo. banc 2008), discussed the appellant's similar argument that the trial courts erred in overruling their motions to dismiss due to the State's failure to comply strictly with Section 632.483. Section 632.483 addresses when an "agency in jurisdiction must send written notice to the [A]ttorney [G]eneral that a person

in its custody may meet the criteria for a sexually violent predator." *Id.* at 586. The Court in *In the Matter of Van Orden* found "[t]he plain language of the statute does not restrict the contact between the [A]ttorney [G]eneral and the agency with jurisdiction prior to the completion or the assessment and recommendation." *Id.* at 587.

**4.** This is the exact argument made in *Warren v. State*, 291 S.W.3d 246 (Mo.App. S.D.2009).

doubt." *Id.* at 584–85. The Court noted that the United States Supreme Court stated in *Addington v. Texas,* 441 U.S. 418, 432–33, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979):

> that clear and convincing evidence was an appropriate burden of proof in civil commitment proceedings. The Court specifically found that proof beyond a reasonable doubt was not constitutionally required because the state was not exercising its power in a punitive sense and the continuing opportunities for review minimized the risk of error.

*Van Orden,* 271 S.W.3d at 585. While commitment of a sexually violent predator involves a liberty interest, the proceedings are civil. *Id.* Accordingly, the burden of proof necessary to commit a sexually violent predator is "a matter of legislative prerogative." *Id.* The Court confirmed the clear and convincing evidence standard of proof may be used in civil commitment hearings for sexually violent predators and found "Section 632.495, as amended, is constitutional." *Id.*

Constitutionally, this Court is obligated to follow the most recent, controlling decision of the Missouri Supreme Court. Mo. Const. art. V, sec. 2; *C & F Investments, LLC v. Hall,* 149 S.W.3d 557, 559 n. 4 (Mo.App. E.D.2004). Thus, the clear and convincing burden of proof enunciated in Section 632.495 is constitutional. Point denied.

The judgment of the trial court is affirmed.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.