

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111457 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 2222-CR01581-01 |
| | ) | |
| VICTOR L. KATES, | ) | Honorable Scott A. Millikan |
| | ) | |
| Appellant. | ) | Filed: April 30, 2024 |

Before John P. Torbitzky, P.J., James M. Dowd, J., and Michael S. Wright, J.

### Opinion

On October 19, 2021, appellant Victor Kates was arrested in the City of St. Louis and charged with unlawful possession of a firearm by a felon in violation of section 571.070,[1] unlawful use of a firearm while in possession of methamphetamine in violation of section 571.030, possession of methamphetamine in violation of section 579.015, tampering with a motor vehicle without the owner's consent in violation of section 569.080.1(2), and resisting arrest by fleeing in violation of section 575.150.

On February 10, 2023, Kates pleaded guilty to these charges pursuant to a negotiated plea agreement with the State. Finding that sufficient factual bases supported the pleas, the court

---

[1] All statutory references are to RSMo 2016.

accepted them and sentenced Kates in accordance with the plea agreement to a total of three years in prison.[2]

After the court accepted his pleas but before sentencing, Kates objected to being sentenced on the possession of a controlled substance charge because that conduct is the same conduct underlying the unlawful use of a weapon charge under section 571.030 and thus is merely a lesser included offense to that weapon charge and should not have been charged or sentenced separately.

While in point one of his brief and later at oral argument, Kates sought to avoid characterizing his argument as raising a double jeopardy violation - instead couching it in terms of a due process violation – his argument nonetheless seeks to raise a constitutional challenge to what the court did. In his remaining points, Kates relies on the recent Supreme Court decision in *N.Y. State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022) for his argument that the statutes upon which the unlawful possession of a firearm and the unlawful use of a weapon charges are based are unconstitutional under the U.S. and Missouri constitutions because neither is a "regulation consistent or analogous with the Nation's historical tradition of firearm regulation."

Because Kates entered into unconditional guilty pleas to the charges without raising any of these arguments and obtained the benefit of concurrent sentencing pursuant to a plea agreement that reduced his jail time from fifteen years to three years, we hold that Kates waived his right to raise any of these issues on appeal.

---

[2] The court sentenced Kates to three years on each charge and ordered the sentences to run concurrently to one another.

*Waiver of Point I*

We turn first to our holding with respect to point one that by pleading guilty unconditionally to the two crimes that included drug possession as an element, Kates waived the right to raise his lesser-included-offense due process argument on appeal.

"[A] guilty plea serves as a waiver of most non-jurisdictional errors that occurred prior to its entry, including constitutional challenges." *State v. Russell*, 598 S.W.3d 133, 138 (Mo. banc 2020). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Hampton v. State*, 495 S.W.2d 638, 642 (Mo. 1973).

But *Russell* taught us that guilty pleas waive a lot, but not everything, and since both parties rely on *Russell*, we take a closer look. The *Russell* Court found "that whether an excessive sentence can be raised on appeal is not determined by the general principles of waiver inherent in a guilty plea." *Russell*, 598 S.W.3d at 138. The State claims *Russell's* holding was limited and only stands for the proposition that challenging an excessive sentence after a guilty plea *is* permitted. For his part, Kates seeks to extend *Russell* beyond this limited holding and argues instead that *Russell* held that a guilty plea does not waive a defendant's right to appeal constitutional issues such as Kates attempts to do here. But we do not read *Russell* that broadly or as altering the longstanding principle in Missouri law that a guilty plea waives most non-jurisdictional errors especially when that principle was reiterated in *Russell* itself. *Id*. at 138. And we agree that *Russell's* holding concerned excessive sentences only which is not at issue here.

It is apparent from this record that the constitutional claims Kates alleges here, to the extent they occurred at all, occurred prior to the entry of his guilty plea. Kates knew he was charged with violating both statutes. He knew that possession of a controlled substance was the predicate conduct with respect to each crime. Yet, he admitted to the court that he was guilty of each crime under each statute. And he acknowledged during the plea colloquy that by pleading guilty he was waiving his right to appeal. Thus, Kates cannot now raise these claims on appeal. *Hampton*, 495 S.W.2d at 642.

Further, we reject Kates' assertion that we are required to transfer this case to the Missouri Supreme Court because he has presented a "real and substantial" constitutional claim. In light of *State v. Onyejiaka*, 671 S.W.3d 796 (Mo. banc 2023), Kates' argument at most presents a colorable constitutional claim that this Court may properly retain and decide. *See In re Arnold*, 292 S.W.3d 393, 396 (Mo. App. E.D. 2009).

The defendant in *Onyejiaka* was tried and found guilty by a jury of both possessing a controlled substance and unlawfully using a weapon while in possession of a controlled substance. *Id*. at 797. On appeal, Onyejiaka claimed this violated his constitutional right against double jeopardy. *Id*. The Supreme Court disagreed finding that "[b]ased upon the plain language of section 571.030.1(11) and this Court's rules of statutory interpretation, therefore, the only outcome the legislature could have intended by enacting section 571.030.1(11) is to authorize multiple punishments for violations of sections 579.015 and 571.030.1(11)." *Id*. at 800. Inasmuch as our Supreme Court in *Onyejiaka* rejected the same premise upon which Kates' argument is based here, we conclude that he presents at most a *colorable* constitutional claim.

*Waiver of Points II-V*

In Points II-V, Kates challenges pursuant to *N.Y. State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022) the constitutionality of sections 571.070(1) and 571.030.1(11), the statutes upon which his two gun-related charges were premised.

"In order to preserve a constitutional issue for appellate review, a party must (1) raise the issue at the first available opportunity, (2) note the constitutional provision claimed to be violated by specifically referencing the article and section of the constitution or by quoting the constitutional provision itself, (3) state the facts that constitute the constitutional violation, and (4) preserve the constitutional issue throughout the proceeding." *State v. Blair*, 175 S.W.3d 197, 199 (Mo. App. E.D. 2005). "[T]he earliest opportunity at which [Kates] could have raised the challenge was before trial in a motion to quash the indictment." *State v. Newlon*, 216 S.W.3d 180, 184 (Mo. App. E.D. 2007).

Here, Kates entered into an unconditional guilty plea; his plea was not "made conditional upon the preservation of his constitutional challenges." *Garris v. State*, 389 S.W.3d 648, 652 (Mo. banc 2013). Thus, since Kates' constitutional challenges were raised for the first time on appeal, they are not preserved for review and we decline to consider the merits of constitutional issues when they appear for the first time on appeal after a guilty plea. *Newlon*, 216 S.W.3d at 184.

**Conclusion**

Kates' guilty pleas and sentences are affirmed.

_____
James M. Dowd, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

5