**STATE of Missouri, Respondent,**

v.

**Gregory PEEPLES, Appellant.**

**No. ED 90975.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 26, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 23, 2009.

Gwenda R. Robinson, St. Louis, MO, for Appellant.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

Gregory Peeples (hereinafter, "Appellant") appeals from the trial court's judgment after a jury convicted him of one count of attempted statutory rape in the first degree, Section 566.032 RSMo (2000),[1] one count of attempted statutory rape in

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

the second degree, Section 566.034, five counts of statutory sodomy in the first degree, Section 566.062, seven counts of statutory sodomy in the second degree, Section 566.064, two counts of child molestation in the first degree, Section 566.067, four counts of child molestation in the second degree, Section 566.068, and two counts of attempted victim tampering, Section 575.020. Appellant was sentenced to concurrent sentences on the sexual offenses for a total of twenty-five years' imprisonment, which run consecutively to concurrent seven year sentences for the attempted victim tampering convictions. Appellant raises six points on appeal. We affirm in part, reverse and remand in part.

Viewed in the light most favorable to the verdict, the facts are as follows: Appellant was engaged in a relationship with B.B., who had three children, A.B., G.B., and R.B. During October 2002 through August 2006, Appellant subjected A.B. and G.B. to repeated acts of sexual abuse while the victims lived at three different residences in the City of St. Louis. The abuse was discovered by one of A.B.'s teachers, who received a note from A.B. and later placed a hotline call reporting the incident. A.B. and G.B. were interviewed by police, who determined Appellant had sexual intercourse with them.

Appellant was arrested and charged with twenty-seven counts of various sexual offenses and attempted victim tampering against A.B. and G.B. During the five day trial, both victims testified against Appellant. After the trial court granted Appellant's motion for judgment of acquittal on two of the counts, the jury returned guilty verdicts on twenty-two of the remaining twenty-five counts. · Appellant was sentenced to concurrent sentences on the sexual offenses for a total of twenty-five years' imprisonment, which run consecutively to concurrent seven year sentences for the attempted victim tampering convic-

tions. The specific evidence adduced at trial challenging the sufficiency of the evidence, in addition to the evidence related to Appellant's other claims on appeal will be set forth in our analysis as needed to avoid repetition.

Appellant's first two points on appeal challenge the sufficiency of the evidence to sustain two of his convictions. We limit our review of a challenge to the sufficiency of the evidence supporting a criminal conviction to "a determination of whether the [S]tate presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty." *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005). We consider the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict, and disregard all contrary evidence and inferences. *Id.* While reasonable inferences may be drawn from direct and circumstantial evidence, "the inferences must be logical, reasonable and drawn from established fact." *State v. Presberry*, 128 S.W.3d 80, 91 (Mo.App. E.D.2003).

"In considering the sufficiency of the evidence, there must be sufficient evidence of each element of the offense." *State v. Jordan*, 181 S.W.3d 588, 592 (Mo.App. E.D.2005)(*quoting State v. Dixon*, 70 S.W.3d 540, 544 (Mo.App. W.D.2002)). The State has the burden to prove each and every element of a criminal case. *State v. Barnes*, 245 S.W.3d 885, 889 (Mo.App. E.D.2008). If the State fails to produce sufficient evidence to sustain a conviction, we must reverse the trial court's judgment. *State v. Simmons*, 233 S.W.3d 235, 238 (Mo.App. E.D.2007).

In his first point, Appellant claims the State presented insufficient evidence to support his conviction for statutory sodomy in the first degree, specifically related to the charges alleged in Count 8. Appellant argues the act of touching G.B.'s vagi-

na over her clothing did not constitute deviate sexual intercourse, but rather sexual contact.

Count 8 alleges Appellant "committed the felony of statutory sodomy in the first degree ... in that between October 3, 2002 and July 19, 2005, in the City of St. Louis ... [Appellant] had deviate sexual intercourse with [G.B.], who was less than fourteen years old by putting his hands on her vagina." G.B. testified at trial that while she and her family were living on Compton, Appellant was "feeling my vagina over my clothes." G.B. could not recall if Appellant felt her vagina under her clothes when she lived at the Compton address.

Section 566.062.1 states, "A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." "Deviate sexual intercourse" is defined as

any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim.

Section 566.010(1).

Appellant argues his conduct of touching G.B.'s vagina through her clothing constituted sexual contact, not deviate sexual intercourse. We agree. "Sexual contact" is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, *or such touching through the clothing,* for the purpose of arousing or gratifying sexual desire of any person." Section 566.010(3) (emphasis added). The type of touching, whether through or underneath the cloth-

ing, is inconsequential. *State v. Patton,* 229 S.W.3d 631, 637 (Mo.App. S.D.2007).

Thus, it is clear after reviewing G.B.'s testimony regarding what transpired at the Compton address that Appellant's touching did not rise to the level of deviate sexual intercourse. The facts as alleged and submitted to the jury were insufficient to sustain a conviction for statutory sodomy. As a result, Appellant seeks reversal and discharge from the statutory sodomy conviction.

■ When this Court determines a conviction lacks sufficient evidence to convict on a greater offense, "we may enter a conviction for the lesser offense 'if the evidence was sufficient for the jury to find each of the elements and the jury was required to find those elements to enter the ill-fated conviction on the greater offense.'" *State v. Herndon,* 224 S.W.3d 97, 100 (Mo.App. W.D.2007)(*quoting State v. Whalen,* 49 S.W.3d 181, 187–88 (Mo. banc 2001)). Child molestation in the first degree is a lesser included offense of first degree statutory sodomy. *See Becker v. State,* 260 S.W.3d 905, 910 (Mo.App. E.D. 2008); *State v. Pond,* 131 S.W.3d 792, 793 (Mo. banc 2004).

■ Child molestation in the first degree occurs when a person "subjects another person who is less than fourteen years of age to sexual contact." Section 566.067.1. Appellant concedes his conduct constitutes sexual contact pursuant to Section 566.010(3) and does not challenge G.B.'s age at the time of the offense. Therefore, when the jury concluded Appellant touched G.B.'s vagina through her clothing when she was less than fourteen years old, the jury found all of the requisite elements to convict Appellant of child molestation in the first degree. Therefore, we reverse the trial court's judgment convicting Appellant of first degree statutory sodomy, and remand the cause for the trial

court to enter judgment convicting Appellant of first degree child molestation and impose sentence accordingly. Point granted.

■ In his second point, Appellant claims the State failed to present sufficient evidence to support his conviction for statutory sodomy in the second degree, specifically related to the charges contained in Count 22. The State charged Appellant with four separate occurrences when Appellant was alleged to have put his penis into A.B.'s hands. The two incidents at issue here are set forth in Counts 22 and 27. Count 22 alleged Appellant committed statutory sodomy in the second degree between June 20, 2004, and February 17, 2006 when Appellant had deviate sexual intercourse with A.B. by putting his penis in her hand, and at that time A.B. was less than seventeen years old and the Appellant was twenty-one years of age or older. Similarly, Count 27 charged Appellant with having committed statutory sodomy in the second degree in that on or about February 17, 2006 Appellant had deviate sexual intercourse with A.B. by putting his penis in her hand, and at that time A.B. was less than seventeen years old and the Appellant was twenty-one years of age or older.

Section 566.064.1 states, "A person commits the crime of statutory sodomy in the second degree if being twenty-one years of age or older, he [or she] has deviate sexual intercourse with another person who is less than seventeen years of age." Appellant does not dispute the age requirements or that by placing his penis in A.B.'s hand that it was done for the purpose of arousing or gratifying his sexual desire. Rather, Appellant argues the evidence failed to prove beyond a reasonable doubt he put his penis in A.B.'s hand on any day other than February 17, 2006, and therefore, the conviction based on Count 22 lacks sufficient evidence. We disagree.

A review of the transcript reveals A.B. was asked by the prosecutor if there was any other incident where Appellant's "privacy" touched a part of her body. A.B. responded there was one time involving her mouth. During the course of the questioning, A.B. described an occurrence where Appellant came into her bedroom, leaned up against the door, pulled down his pants, and told A.B. to "touch his private." A.B. indicated she did so. While A.B.'s testimony is unclear whether she touched Appellant's penis with her hand or her mouth, we must examine the evidence in the light most favorable to the verdict. The record demonstrates A.B.'s testimony was somewhat muddled, in that she frequently described one incident of abuse when asked about another. It is reasonable to infer the jury, as the trier of fact, believed the "touching" occurred with A.B.'s hand, rather than her mouth, in that the most common way a person is thought to have touched something is with his or her hand. Thus, we find sufficient evidence in the record to support Appellant's conviction of statutory sodomy in the second degree as alleged in Count 22. Point denied.

■ In his third point, Appellant alleges the trial court abused its discretion when it prohibited defense counsel from explaining during closing argument that two of the twenty-seven counts were dismissed because the State failed to present sufficient evidence to submit those counts to the jury. Defense counsel wanted to argue that since the evidence was insufficient and weak with respect to the dismissed charges, the jury should question the credibility of the remaining counts.

At the close of the State's evidence, defense counsel moved for judgment of acquittal on all charges alleged to have been committed against A.B., specifically mentioning Counts 6 and 14. The trial

court sustained defense counsel's motion with respect to those two counts. Prior to closing argument, defense counsel asked if she could argue to the jury the State did not prove two of the twenty-seven counts presented to the jury. Defense counsel explained,

> [W]hat I'm going to say is the Court gave them 27 counts, said there were 27 counts. But what it does is—what we would like to be able to do is let the jury know that, you know, we started out with 27, we're down to 25. And although the State did not, you know, present any conflicting testimony with regard to those two counts, the issue is they presented you with 27 counts but they didn't present evidence to support 2 of 27. So if you start out with 27 and now you're at 25, that at least tells you that their case isn't strong enough on the two. How strong is it on the rest of them?

The trial court denied defense counsel's request, ruling, "I think your argument blends legal issues with factual issues. And I think if we do that, we could perhaps confuse the triers of fact." The trial court agreed the jury should be told there were now twenty-five, as opposed to twenty-seven, counts pending against Appellant, but restricted both parties from discussing the reason why the trial court dismissed those two counts.

 "The trial court is in the best position to appraise the consequence of a closing argument, and has broad discretion to determine if the particular line of argument is proper." *State v. Lockett,* 165 S.W.3d 199, 206 (Mo.App. E.D.2005). When an argument will result in a misstatement of the law, the trial court has "a positive and absolute duty" to restrain these argument in that they are impermissible. *Id.*

 The question of sufficiency arises before the case is submitted to the jury and is resolved by the trial court as a matter of law. *State v. O'Brien,* 857 S.W.2d 212, 215 (Mo. banc 1993). "Therefore, any guilty verdict subsequently rendered by the jury is *wholly irrelevant* to the question of whether the case was sufficient to go to the jury at all." *Id.* (emphasis added). Thus, defense counsel's request to argue the State's failure to present a submissible case on Counts 6 and 14 as a reason the jury should question the credibility of the evidence to support the remaining counts would have resulted in a misstatement of the law and served to confuse the jurors.

Despite the trial court's limitation of defense counsel's argument, we note defense counsel strenuously questioned the credibility and validity of the victims' testimony during closing argument. Defense counsel also questioned the charging decisions of the State and commented, "It's an attempt to maintain all of these charges. You know, throw up everything and let's see what sticks. Let's see what sticks here. Pick the story. And you're going to pick the story that fits the charge." Thus, we cannot say the trial court abused its discretion when it prevented defense counsel from making the comments she requested prior to closing argument or Appellant suffered any prejudice therein. Point denied.

 In his fourth point, Appellant claims the trial court erred when it denied his motion to declare Section 491.075 unconstitutional and in admitting G.B.'s hearsay statements to her aunt because the admission violated Appellant's right to confrontation under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Appellant believes G.B.'s statements to her aunt were testimonial statements that *Crawford* plainly meant to exclude.

Prior to trial, the State filed a motion notifying Appellant of its intent to offer evidence of the victims' statements made to their mother and aunt at trial. In response, Appellant filed a motion to declare Section 491.075 unconstitutional and to preclude the hearsay statements from being admitted at trial. The trial court held a hearing on the matter after the parties finalized the venire panel. The State presented the victims' aunt's testimony. The aunt testified G.B. told her Appellant was "touching on them, doing stuff with them." The aunt stated she confronted Appellant with the accusations, and he responded by pushing her down. After hearing the aunt's proposed testimony and argument by both parties, the trial court denied Appellant's motion and permitted the State to present this evidence at trial. The aunt's testimony came into evidence without objection by Appellant, but the admission of this evidence was included as an allegation of error in his motion for new trial.

■■■ Initially, Appellant requests we transfer his cause to the Missouri Supreme Court so that it can decide the constitutional validity of Section 491.075. The Missouri Supreme Court is vested with exclusive jurisdiction over challenges to the constitutional validity of a statute. Mo. Const. Article V, Section 3. Constitutional challenges must be "real and substantial", which means:

> [U]pon preliminary inquiry, the contention discloses a contested matter of right, involving some fair doubt and reasonable room for controversy; but, if such preliminary inquiry discloses the contention is so obviously unsubstantial and insufficient, either in fact or law, as to be plainly without merit and a mere pretense, the claim may be deemed merely colorable.

*State v. Newlon*, 216 S.W.3d 180, 185 (Mo. App. E.D.2007). Said differently, a constitutional challenge is considered "real and substantial" if it presents the Missouri Supreme Court with an issue of first impression. *Id.* By contrast, if the constitutional claim is merely "colorable", this Court retains jurisdiction and may address the claim. *Id.*

Our initial inquiry reveals Appellant's challenge to the constitutional validity of Section 491.075 is not "real and substantial" in that it does not present an issue of first impression, and therefore, is deemed merely colorable. The Missouri Supreme Court held in *State v. Perry*, 275 S.W.3d 237 (Mo. banc 2009) that Section 491.075 was both facially valid and constitutionally valid as applied to that defendant. The cogent and detailed analysis set forth in that opinion need not be repeated here in that Appellant's claims are identical to the ones raised by the defendant in *Perry*. Suffice it to say, *Perry* held, "*Crawford* clearly permits introduction of non-testimonial statements as well as of testimonial statements if the declarant testifies at trial, or if unavailable, the defendant had a prior opportunity to cross-examine the declarant. That is also what Section 491.075 permits." *Perry*, 275 S.W.3d at 240. Further, *Perry* recognized, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his [or her] prior testimonial statements." *Id.* at 242 (*quoting Crawford*, 541 U.S. at 59, n. 9, 124 S.Ct. 1354).

Here, G.B. was available to testify at trial, and she was subject to extensive cross-examination. Per the holding in *Perry*, G.B.'s statements to her aunt, regardless of whether they were testimonial or non-testimonial, did not violate *Crawford* or prevent Appellant from exercising his right to confrontation. *Id.* Thus, the trial court did not err, plainly or otherwise,

when it admitted G.B.'s statements to her aunt during the trial. Point denied.

■ In his fifth point, Appellant argues the trial court abused its discretion when it overruled his amended motion for a new trial. Appellant's motion alleges the State violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) by failing to disclose to the defense that G.B. was six months pregnant at the time of trial. Appellant believes this information was favorable and admissible impeachment evidence, which the State either willfully or inadvertently withheld, and the suppression of this material evidence deprived him of a fair and impartial trial.

■ The trial court's decision whether to grant a motion for new trial is presumed correct and will be reversed only when an abuse of discretion has occurred. *State v. Merrick*, 257 S.W.3d 676, 680 (Mo. App. S.D.2008). An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the existing circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Parker*, 208 S.W.3d 331, 335 (Mo. App. S.D.2006).

■ The State violates due process pursuant to the holding in *Brady* when a prosecutor "suppresses evidence that is favorable to the defendant and material to either guilt or punishment." *State v. Salter*, 250 S.W.3d 705, 714 (Mo. banc 2008). In order to prove a *Brady* violation occurred "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Taylor v. State*, 262 S.W.3d 231, 240 (Mo. banc 2008)(*quoting Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)). "Evidence is materi-

al only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Anderson v. State*, 196 S.W.3d 28, 36–37 (Mo. banc 2006).

Medical evidence admitted at trial showed G.B. had a notch in her hymen which the examining doctor stated was suggestive, but not definitive evidence of penetration. Appellant argued in his amended motion for a new trial that had he known about G.B.'s pregnancy, he could have refuted the evidence he was the only source of any penetration that may have occurred. Further, Appellant alleges the State "had to have known of [G.B.'s] pregnancy prior to her testifying in court given the contacts with the family."

■ "Bare allegations in a new trial motion do not prove themselves...." *State v. Merrick*, 219 S.W.3d 281, 286 (Mo.App. S.D.2007)(*quoting State v. McMillin*, 581 S.W.2d 612, 616 (Mo.App. S.D.1979)). Appellant failed to request a hearing or present any evidence prior to sentencing with respect to the allegations he raised in his amended motion for new trial. There was no evidence presented G.B. was in fact pregnant or the State was in possession of this information and willfully or inadvertently suppressed it. Moreover, even if this Court presumed the allegations contained within Appellant's motion were true, the record reveals G.B.'s medical examination occurred approximately twenty-two months before trial. Thus, it defies logic that G.B.'s alleged pregnancy more than a year later, which occurred while Appellant was confined, would constitute relevant exculpatory evidence negating the evidence of notching found during the examination. Appellant failed to demonstrate the State committed a *Brady* violation and as such, the trial court did not abuse its discretion when it denied Appel-

lant's amended motion for new trial with respect to this issue. Point denied.

■ In his final point, Appellant argues the trial court plainly erred in sentencing him on Count 16, attempted statutory rape in the first degree, and Counts 25 and 26, two counts of attempted victim tampering. Specifically, Appellant argues the trial court imposed sentences that exceeded the maximum term of imprisonment allowable by law. Appellant believes all three attempt convictions are governed by Section 564.011, and therefore, each conviction should constitute lesser felonies than the ones the trial court sentenced Appellant under. Appellant requests we remand the cause for resentencing on these counts.

■ Appellant admits this issue is not preserved for appeal and requests plain error review. To be entitled to relief under the plain error rule, a defendant must demonstrate that "the error so substantially affected the defendant's rights that a manifest injustice or a miscarriage of justice would inexorably result if the error were to be left uncorrected." *State v. Nichols,* 207 S.W.3d 215, 224 (Mo.App. S.D.2006)(*quoting State v. Deckard,* 18 S.W.3d 495, 497 (Mo.App. S.D.2000)); *see also* Rule 30.20. A defendant assumes the burden of proof to demonstrate plain error. *State v. Stewart,* 113 S.W.3d 245, 248 (Mo.App. E.D.2003).

■ A sentencing court exceeds its jurisdiction when it imposes a sentence in excess of the maximum allowed by law. *State ex rel. Fowler v. Purkett,* 156 S.W.3d 357, 359 (Mo.App. E.D.2004). This Court has granted plain error relief finding manifest injustice has occurred when the trial court imposed a sentence which exceeded the maximum punishment permitted by law. *See State v. Kimes,* 234 S.W.3d 584, 590 (Mo.App. S.D.2007); *State v. Manley,* 223 S.W.3d 887, 892–93 (Mo.App. W.D. 2007); *State v. Hooper,* 801 S.W.2d 717,

721 (Mo.App. S.D.1990); *State v. Freeman,* 791 S.W.2d 471, 473 (Mo.App. S.D.1990).

With respect to Counts 25 and 26, the State avers Appellant was sentenced properly. Appellant was convicted of attempted victim tampering in connection with Counts 25 and 26 pursuant to Section 575.270.2. The trial court sentenced Appellant to a term of seven years' imprisonment on each count, to run consecutively to the other sentences he received.

Section 575.270.2 states in pertinent part, "A person commits the crime of 'victim tampering' if, with the purpose to do so, he [or she] prevents or dissuades or *attempts to prevent or dissuade* any person who has been a victim of any crime or a person who is acting on behalf of any such victim from" among other things, reporting the victimization. (Emphasis added). Section 575.270.3 states victim tampering is a class C felony if the original charge is a felony.

The Missouri Supreme Court in *State v. Withrow,* 8 S.W.3d 75 (Mo. banc 1999) recognized many instances where "attempting the specified crime carries the same punishment as the completed crime." *Withrow,* 8 S.W.3d at 79. The Court specifically recognized Section 575.270 as one of these examples. *Id.* at n. 4. The Court explained:

The use of the word "attempt" in these various statutes is not an expression of legislative intent to create two levels of attempt to commit an offense. Rather, the use is a signal that in those prosecutions under those particular statutes the maximum punishment was, in the words of sec. 564.011.3, "otherwise provided" for and intended to be greater than that specified in the general inchoate offense statute.

*Id.* at 79. Here, Section 575.270 criminalizes both the attempt and completed crime of victim tampering. Thus, per the

holding in *Withrow*, this Section "otherwise provide[s]" for the maximum punishment for those offenses. Section 575.270.3 classifies the offense of attempted victim tampering as a class C felony, which carries a maximum term of seven years' imprisonment. Section 558.011.1(3). Therefore, we find the trial court properly sentenced Appellant to seven years' imprisonment on Counts 25 and 26.

■■■ The State concedes, however, the trial court erroneously sentenced Appellant with respect to Count 16, attempted statutory rape in the first degree, when it imposed a sentence of twenty-five years' imprisonment. Section 566.032.2,[2] as it was written when Appellant was charged with the crime, states, "Statutory rape in the first degree is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years...." This is an unclassified offense, and unlike the victim tampering statute, the attempt to commit statutory rape in the first degree was not criminalized in the same statute as the completed crime.

Section 557.021 governs the classification of offenses outside of the criminal code. Section 557.021.3 guides us when determining the penalty for attempts and conspiracies within this Section. If the offense constitutes a felony, "[i]t is a class A felony if the authorized penalty includes death, life imprisonment or imprisonment for a term of twenty years or more." Section 557.021.3(1)(a). Statutory rape in the first degree, pursuant to Section 566.032 as written at the time Appellant was charged, carried an authorized term of life imprisonment or a term of years not less than five years. Thus, the completed offense would be considered a class A felony. Section 577.021.3(1)(a).

Here, however, Appellant was convicted of attempted statutory rape in the first degree. The general inchoate offense statute states an attempt to commit an offense is a class B felony if the offense attempted is a class A felony. Section 564.011.3(1). The term of imprisonment for a class B felony is a term of years not less than five years and not to exceed fifteen years. Section 558.011.1(2). Since the attempt to commit statutory rape in the first degree was a class B felony, Appellant's sentence should not have exceeded fifteen years. As a result, the trial court plainly erred when it imposed a sentence of twenty-five years' imprisonment with respect to Count 16. The trial court's judgment is reversed with respect to Appellant's sentence for attempted statutory rape in the first degree. The cause is remanded with instructions Appellant be resentenced in accordance with our holding on this point. Point granted.

The trial court's judgment is affirmed in part, and reversed and remanded in part for further proceedings consistent with this opinion.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.

---

**2.** We note the current version of Section 566.032.2 (Cum.Supp.2008) criminalizes both the attempt and the completed crime of statutory rape in the first degree. However, Appellant's punishment is governed by the statute as it existed at the time of the crime, which occurred between October 2002 and July 2005. *See* Section 1.160 RSMo (2000).