STATE of Missouri, Respondent,

v.

Steven BOESING, Defendant/Appellant.

No. ED 91829.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 2010.

Mealeaner Harvey, St. Louis, MO, for appellant.

Chris Koster, Atty., Gen., Jamie P. Rasmussen, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant, Steven Boesing, appeals the judgment entered by the Circuit Court of the City of St. Louis following his conviction by a jury of one count of first-degree statutory rape, in violation of section 566.032 RSMo. (1994 & 2000);[1] five counts of first-degree statutory sodomy, in violation of section 566.062; five counts of first-degree child molestation, in violation of section 566.067 RSMo. (1994); three counts of first-degree sexual misconduct, in violation of section 566.090; two counts of victim tampering, in violation of section 575.270.2 RSMo.; and one count of at-

---

1. All statutory references are to RSMo. (1994 & 2000) except as otherwise indicated.

tempted first-degree statutory rape, in violation of sections 566.032 and 564.011. The trial court sentenced the defendant to a total of thirty years' imprisonment for these seventeen crimes involving three children.

■ The defendant raises six points on appeal. We summarily deny five of these points, and find that an opinion reciting the detailed facts and restating the principles of law would have no precedential value. Rule 30.25(b). The parties have been provided with a memorandum, for their information only, setting forth the reasons for this decision.

The defendant's remaining point, however, requires our consideration in a published opinion. The defendant asserts that the trial court plainly erred in sentencing him to a term of twenty years following his conviction for attempted first-degree statutory rape. He maintains that twenty years exceeds the maximum term of imprisonment allowed for this offense, which carries the range of punishment for a class B felony. The State concedes that the trial court erred in this respect, and both parties request remand for resentencing.

■ The defendant admits this claim is not preserved for appeal and requests plain-error review. Rule 30.20. To obtain relief under the plain-error rule, a defendant must demonstrate that the error so substantially affected his rights that a manifest injustice or miscarriage of justice would inevitably result if the error were left uncorrected. *State v. Peeples*, 288 S.W.3d 767, 776 (Mo.App. E.D.2009). We have found manifest injustice and granted plain-error relief when a trial court im-

posed a sentence that exceeded the maximum penalty permitted by law. *Id.*

The jury found the defendant guilty of attempted first-degree statutory rape in Count 8, and the trial court sentenced the defendant to twenty years' imprisonment for that offense. At the time of the conduct charged here, first-degree statutory rape was an unclassified felony for which the authorized penalty ranged from a minimum term of five years' imprisonment (or ten years if specific aggravating circumstances were present) to a maximum term of life imprisonment. Section 566.032.2; *Peeples*, 288 S.W.3d at 777.[2] Section 557.021 governs the classification of offenses outside the criminal code. Where an offense constitutes a felony, "[i]t is a class A felony if the authorized penalty includes death, life imprisonment or imprisonment for a term of twenty years or more [.]" Section 557.021.3(1)(a). First-degree statutory rape, at the time of the conduct charged here, carried an authorized term of life imprisonment. Section 566.032.2. Thus, the completed offense would be considered a class A felony. Section 577.021.3(1)(a).

Pursuant to the general inchoate-offense statute, an attempt to commit a class A felony constitutes a class B felony, unless otherwise provided. Section 564.011.3(1). The authorized term of imprisonment for a class B felony is a minimum of five years and a maximum of fifteen years. Section 558.011.1(2). Because here the attempt to commit first-degree statutory rape constituted a class B felony, the trial court should not have sentenced the defendant to more than fifteen years' imprisonment.

---

2. The current version of section 566.032.2 RSMo. (Supp.2009) criminalizes both the attempt and the completed offense of first-degree statutory rape. However, the statute as it existed at the time of the crime governs the defendant's punishment. *See* section 1.160;

*Peeples*, 288 S.W.3d at 777 n. 2. Here, the State charged the defendant with attempting the first-degree statutory rape between January 1995 and March 2002 whereas section 566.032.2 was not amended to specifically criminalize the attempted crime until 2006.

As a result, the trial court plainly erred when it imposed a sentence of twenty years' imprisonment with respect to Count 8, the attempted first-degree statutory rape.

We reverse the trial court's judgment with respect to the defendant's sentence for attempted first-degree statutory rape. We remand the cause with instructions for the trial court to resentence the defendant in accordance with our holding. We affirm the judgment in all other respects.

GLENN A. NORTON, P.J., and MARY K. HOFF, J., concur.