STATE of Missouri, Plaintiff–
Respondent,

v.

Jamila ATTERBERRY, Defendant–
Appellant.

No. SD 31272.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 8, 2012.

William J. Swift, Columbia, for Appellant.

Chris Koster, Atty. Gen., Jennifer A. Wideman, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Jamila Atterberry ("Appellant") appeals her conviction for second-degree assault, a violation of section 565.073.[1] She claims there was insufficient evidence to support her conviction because there was insuffi-

cient evidence that she was a "household member." We disagree and affirm the conviction.

■ This Court's standard of review, regardless of a court-tried or jury-tried case, is whether or not there was sufficient evidence from which the trier of fact could have reasonably found guilt. *State v. Johnson*, 81 S.W.3d 212, 215 (Mo.App. S.D. 2002). When analyzing the sufficiency of the evidence supporting the verdict, the reviewing court accepts as true all evidence, and reasonable inferences therefrom, in the light most favorable to the verdict while disregarding those to the contrary. *Id.* Even if two equally valid inferences would be supported by the evidence, the only inference that can be considered is the one that supports the finding of guilt. *State v. Latall*, 271 S.W.3d 561, 568 (Mo. banc 2008) (Breckenridge, J., concurring in dissent). It is this Court's function to determine if there is sufficient evidence to support the conviction, not to reweigh the evidence. *State v. Mann*, 129 S.W.3d 462, 467 (Mo.App. S.D.2004).

Section 565.073.1 provides, in pertinent part:

1. A person commits the crime of domestic assault in the second degree if the act involves a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor, as defined in section 455.010, RSMo, and he or she:

(1) Attempts to cause or knowingly causes physical injury to such family or household member by any means, including but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation[.]

1. All references to statutes are to RSMo Cum. Supp.2009, unless otherwise specified.

Household member includes, "adults who are presently residing together or have resided together in the past[.]" Section 565.063.1(2); Section 455.010(5).[2] Appellant does not question that an assault took place, but rather contends that she was nothing more than a transient guest and did not consider Diana Atterberry's ("Mother's") home to be her permanent address; therefore, she is not a household member. In support of her contention Appellant argues that she only slept at Mother's house occasionally and Mother testified that Appellant was currently living "at her baby daddy house." Appellant was back and forth to her boyfriend's house and just coming to Mother's house over a two-week period. Appellant had no room or bed at Mother's home and slept on the front room couch when she stayed the night. She maintained her wardrobe at another home and had to pack a week's worth of clothing when she stayed at Mother's. Appellant's contentions ignore our standard of review. We must take reasonable inferences in the light most favorable to the verdict while disregarding those to the contrary.

 In that vein, the testimony at trial indicated that Rodney Dickson ("Victim") and Mother were in a relationship for ten years prior to the incident between Appellant and Victim. Appellant had been living with Victim and Mother off and on for a few months for approximately a week at a time, sleeping on a couch in the front room when she stayed. Appellant would bring a week's worth of clothes to Mother's residence when she stayed but kept the majority of her wardrobe at another location. At the time of the incident Appellant was living back and forth between Mother's residence and "her baby daddy house."

Mother testified that Appellant had been living with her for "[a]bout a couple months" at the time of the incident. Mother also testified that Appellant had been going "back and forth to her boyfriend's and just coming to my house, spending nights like that," and that as of the date of the assault Appellant had been living at Mother's home for "[a]bout, what, a couple weeks." Further, when asked who was living with her on the date of the assault, Mother responded, "me, [Victim], my kids, and [Appellant]." The above testimony provides the substantial evidence to support a finding that Appellant was a "household member." The point is denied.

The judgment is affirmed.

BURRELL, P.J., LYNCH, J., concur.

---

2. We note that section 455.010 was revised in 2011, and the definition of "household member" became part of subsection (7) as opposed to subsection (5); however, at the time of the incident at issue in this case, the 2009 version of the statute was in effect.