**STATE of Missouri, Respondent,**

v.

**Tyrone M. SEALS, Appellant.**

**No. WD 74339.**

Missouri Court of Appeals, Western District.

Sept. 25, 2012.

Rose L. Olson, Columbia, MO, for respondent.

Emmett D. Queener, Columbia, MO, for appellant.

---

Before DIV I: JAMES M. SMART, JR., Presiding Judge, LISA WHITE HARDWICK, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Tyrone M. Seals ("Seals") was charged with operating a motor vehicle while his driver's license was revoked, which is a class A misdemeanor under Section 302.321 RSMo.[1] At a bench trial in Callaway County, Seals was found guilty and sentenced to serve forty days in jail. Seals appeals. We affirm.

## Factual Background

On February 10, 2011, Seals was pulled over in Fulton, Missouri by Police Officer Kyle Townley ("Townley") for driving while his license was revoked. Townley observed a white van traveling backwards on Carver Street and then turn onto Green Street. Townley proceeded to stop the vehicle and identified the driver as Seals. A computer check confirmed that Seals's license was suspended. Seals stated that he knew his license was suspended, and that it would cost eight hundred dollars to get it reinstated.

After a bench trial, Seals was found guilty. Seals timely filed this appeal.

 This Court's standard of review, regardless of a court-tried or jury-tried case, is to determine whether or not there was sufficient evidence from which the trier of fact could have reasonably found guilt. *State v. Atterberry,* 358 S.W.3d 564, 565 (Mo.App. S.D.2012) (citation omitted). When analyzing the sufficiency of the evidence, we accept as true all evidence, and reasonable inferences therefrom, in the light most favorable to the verdict while disregarding evidence to the contrary. *Id.*

In his sole point on appeal, Seals argues that the trial court erred in finding him guilty because the State failed to prove that the van he was driving constitutes a motor vehicle. The State argues that a van is by common knowledge a motor vehicle.

 A "motor vehicle" is defined as "any self-propelled vehicle not operated exclusively upon tracks except motorized bicycles, as defined in Section 307.180." Section 302.010(10). A "vehicle" is defined as "any mechanical device on wheels, designed primarily for use, or used on highways, except motorized bicycles, vehicles propelled or drawn by horses or human power, or vehicles used exclusively on rails or tracks, or cotton trailers or motorized wheelchairs operated by handicapped persons." Section 302.010(25).

The officer testified that he saw a white van being operated backward on a city street and testified that the van was a "vehicle." We find that it is a reasonable inference that the van was in fact a motor vehicle. As we have previously held, "It is common knowledge that a pickup truck is a motor vehicle." *State v. Thornton,* 441 S.W.2d 738, 741 (Mo.App.1969). So too is it a reasonable inference from the evidence that a van is a motor vehicle.

Point One is denied and the judgment of the trial court is affirmed.

All concur.

---

1. All statutory references are to RSMo 2000 as updated through the most recent cumulative supplement unless otherwise indicated.