STATE of Missouri, Respondent,

v.

Derek B. LEWIS, Appellant.

No. SD 31553.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 26, 2012.

Stuart P. Huffman, Springfield, for Aguilar & Bruce.

Chris Koster, Atty. Gen., and Jessica P. Meredith, Asst. Atty. Gen., for respondent.

DANIEL E. SCOTT, P.J.

A jury found Derek Lewis guilty of sodomizing his three-year-old neighbor. We take his points out of order to provide context for our opinion.

### Point II—Sufficiency of Evidence

■ Lewis claims there was insufficient proof that he engaged in deviate sexual intercourse, an element of the crime.[1] We

---

1. *See* § 566.062, *State v. Carney*, 195 S.W.3d 567, 570–71 (Mo.App.2006). As relevant here, deviate sexual intercourse is an act "involving the genitals of one person and the hand ... of another person ... done for the purpose of arousing or gratifying the sexual desire of any person...." § 566.010(1). Stat-

review to determine if there was sufficient evidence for reasonable jurors to so find, accepting all evidence and reasonable inferences that support the verdict and ignoring those to the contrary. *State v. Atterberry*, 358 S.W.3d 564, 565 (Mo.App. 2012). We summarize the relevant evidence accordingly.

Lewis, who had been drinking, was chatting with E_'s parents while E_, her brother, and Lewis's son drew chalk pictures on the driveway.[2] Lewis took his son back to his house to change clothes. E_ and her brother went along. The two boys soon returned alone.

Back at the house, Lewis had E_ in his bedroom. He pulled her clothes back and fingered her genitals while she screamed for help.

Meanwhile, E_'s mother walked over, followed by Lewis's girlfriend, who had just arrived. She entered the house, "heard terrible screams from my little girl coming from the bedroom," and rushed down the hall to find Lewis "on his knees with my little girl laying on the edge of the bed, and her pants were down and her shirt was up, and he dumped her right as I barreled through the door."

Hysterical, E_ cried, "Mommy, he hurt me." She said Lewis hurt her "hoo-hoo" with his finger. Lewis's (now ex-) girlfriend corroborated E_'s distress:

A. I saw E_ coming from my bedroom screaming frantically, "He is a bad friend, he is a bad friend. He's hurt my hoo-hoo."

Q. Was she saying anything else?

A. "I want my mommy, I want my mommy." I mean, just repeatedly. "He's a bad friend, he hurt my hoo-hoo. I want my mommy, I want my mommy." Just hysterical, trembling.

Q. Was she crying at that time?

A. She was crying, screaming, she was—

Q. And after she—you saw her coming out of your bedroom, where did E_ go?

A. E_ ran down the hallway towards me. I offered to pick her up. She did not want to come to me. [E_'s mother] then picked her up and sat her on my couch, sat her on her lap and said, "E_ what happened?"

Q. And did E_ make any statement at that time?

A. She did. She pointed at [Lewis], "You are a bad, bad friend; you are a bad, bad friend; you hurt my hoo-hoo," and pointed to her private area.

Q. And when you say she pointed to her private area, some people have different private areas they refer to on their bodies, so could you be more specifically [sic]?

A. She pointed to her vaginal area.

The girlfriend told Lewis that she "was finished" and called 911. Officers detained and questioned Lewis. He denied any wrongdoing.

E_ was examined the next day. A fresh abrasion on her inner labia and light bleeding were consistent with E_'s account. The abrasion was significant; not the result of everyday activity such as wiping with toilet paper.

*Skin–to–Skin Contact*

 Lewis complains that skin-to-skin contact was not proved, but this was reasonably inferable from E_'s testimony and

---

utory citations are to RSMo 2000, rule references are to Missouri Court Rules (2012).

**2.** Where possible, we avoid using names.

her significant genital abrasion. In arguing otherwise from evidence and inferences contrary to the verdict, Lewis ignores our standard of review. For that matter, one can commit deviate sexual intercourse without skin-to-skin contact. *State v. Benn,* 341 S.W.3d 203, 209 (Mo. App.2011).

*Sexual Arousal or Gratification*

■ Lewis also claims there was no proof that he acted out of sexual desire. We disagree. When a man who has been drinking takes a three-year-old girl to his bedroom, shuts the door, lays the child on his bed, pulls down her clothes, rubs her genitals to the point of abrasion over her protests and screams, and quits only when a rescuer barrels through the door, jurors can reasonably infer sexual desire. We deny Point II.

## Point III—Rebuttal Use of Interview Videos

In his trial testimony, Lewis denied making certain statements to investigators and claimed no recollection of others. The state offered the video-recorded interviews in rebuttal. The defense objected that it was "not proper impeachment" to play them in their entirety, urging that the state could have done so in its case-in-chief, but not in rebuttal. The trial court overruled that objection and admitted the videos.

■ The trial court enjoyed broad discretion to determine the admissibility and scope of rebuttal evidence. *See State v. Floyd,* 347 S.W.3d 115, 122 (Mo.App. 2011). We defer to its ruling unless it was so unreasonable, arbitrary, and illogical as to belie careful consideration and shock the sense of justice. *Id.* Rebuttal proof is

not inadmissible just because it overlaps the evidence-in-chief or because the state might better have offered it then. *Id.*

■ The objection made at trial was properly overruled because, as the trial court stated, Lewis was "the one that testified and said that he did not make certain statements that he was asked about, and it's in rebuttal. . . ." We decline to consider other objections now suggested by Lewis on appeal, but not timely asserted at trial. *State v. Ware,* 326 S.W.3d 512, 523 (Mo. App.2010). Point III fails.

## Point IV—Confrontation Clause/ § 491.075 Video

■ We reject Lewis's claim that admitting E—'s forensic interview under § 491.075 violated the Confrontation Clause. "The Missouri Supreme Court held in *State v. Perry,* 275 S.W.3d 237 (Mo. banc 2009) that Section 491.075 was both facially valid and constitutionally valid as applied to that defendant." *State v. Peeples,* 288 S.W.3d 767, 774 (Mo.App.2009).

■ Indeed, since E— testified at trial and was subject to cross-examination, the Confrontation Clause placed "no constraints at all" on use of her prior testimonial statements. *Crawford v. Washington,* 541 U.S. 36, 59 n. 9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); *Perry,* 275 S.W.3d at 242; *Peeples,* 288 S.W.3d at 774. Point denied.[3]

## Point V—E—'s Competency to Testify

■ At bottom, this point challenges the constitutionality of § 491.060(2), which lets an alleged victim under age 10 testify without qualification in this kind of case and "removes the need for a judicial determination of competency in those cases where a child of tender years is a vic-

---

**3.** Lewis cites no authority for his novel assertion of a constitutional right to confront and cross examine E— *during* her forensic interview.

tim...." *State v. Williams*, 729 S.W.2d 197, 199 (Mo. banc 1987) (also rejecting constitutional challenges thereto, *id.* at 200–02). The trial court relied on this statute and developed case law in allowing E_ to testify.

Lewis's constitutional attack (essentially a request to reconsider *Williams*) comes too late. It was not raised at the earliest opportunity, or otherwise during trial, or in a motion for new trial, so it is waived. *See, e.g., State v. Newlon*, 216 S.W.3d 180, 184 (Mo.App.2007). We deny Point V.

### Point I—Newly Discovered Evidence

Lewis asks this court to reverse his conviction and order a new trial based on a just-raised allegation of juror nondisclosure. The *voir dire* transcript shows that the prosecutor asked the panel:

> Have any of you, your family, or friends been the victim of a crime or accused of a crime, regardless of whether or not charges were filed? And in this I am including rape or any sexual assault against an adult or child.

> Okay. I see a few hands, and I'm just going to go row by row.

Lewis claims to have recently learned that one panelist raised her hand at the initial question; remarked "Wow, there are a lot of us!"; cried quietly, but did not later raise her hand for individual questioning; and looked pale and upset after she was picked for the jury. In support, Lewis attaches to his brief an affidavit signed by another panelist who did not make the jury.

■■■■ We cannot grant Point I, in part because "new evidence that is not in the record should not be considered on appeal." *State v. Terry*, 304 S.W.3d 105, 109 (Mo. banc 2010).[4] Also, Lewis seeks a new trial, yet the time to file a new trial motion has passed and "the Missouri rules have no provision for the granting of a new trial based on newly discovered evidence...." *Id.*

■■■■ At best, new evidence discovered during a criminal appeal may justify a remand for trial court consideration. *Id.* at 111–12. On a claim like Lewis's, a trial court might take evidence, decide if there was nondisclosure, and grant relief if warranted.[5] Yet Lewis has not sought such relief or remand, either by motion or in his brief. Our review is limited to issues raised in his points as expounded upon in his argument. *State v. Savick*, 347 S.W.3d 147, 155 (Mo.App.2011). This point and argument, in seeking a new trial exclusively, are not well taken.

■■■■ Even if we overlooked the record problem, ignored the explicit request for relief that we cannot grant, and treated Point I as seeking remand, it would fail. Such claims succeed *very rarely*.[6] Lewis would need to show that a new trial would

---

4. It has long been held that brief attachments which are not part of the appellate record will not be considered on appeal. *Neisler v. Keirsbilck*, 307 S.W.3d 193, 197 (Mo.App.2010). Merely including matter in a brief's appendix does not make it part of the record. *Washington v. Blackburn*, 286 S.W.3d 818, 822 (Mo.App.2009). "We do not consider documents in an appendix that are not in the record on appeal." *Id.* Criminal appeals follow the same rules. *See* Rule 30.06(c); *State v. Hill*, 247 S.W.3d 34, 44 (Mo.App.2008).

5. *See Matlock v. St. John's Clinic*, 368 S.W.3d 269, 274 (Mo.App.2012).

6. Just *three* successful cases according to *State v. Nylon*, 311 S.W.3d 869, 876–77 (Mo. App.2010), citing *Terry* (DNA proof that alleged victim testified falsely); *State v. Williams*, 673 S.W.2d 847 (Mo.App.1984) (exonerating evidence; the state joined in seeking remand); and *State v. Mooney*, 670 S.W.2d 510 (Mo.App.1984) (recording of alleged victim stating that she testified falsely at trial).

likely result in acquittal,[7] and that manifest injustice or a miscarriage of justice will occur absent relief. *See Terry,* 304 S.W.3d at 109. Manifest injustice or miscarriage of justice does not equate with reversible error, (*In re D.D.C.,* 351 S.W.3d 722, 734 (Mo.App.2011)), but represents a "much greater" burden (*Hunsucker v. Fischer,* 221 S.W.3d 433, 435 (Mo.App.2006)), which we do not find that Lewis has carried when we consider the whole record.

For all these reasons, Point I fails. Having found no merit in any of Lewis's points, we affirm the judgment and conviction.[8]

JEFFREY W. BATES, J. and DON E. BURRELL, C.J., concur.

---

7. Lewis argues as though prejudice is presumed because intentional nondisclosure has been proven. This might be more persuasive in our plain error context had Lewis "factually support[ed] it with an affidavit or testimony from the non-disclosing juror" as strongly suggested, if not presumptively required, by *State v. Miller,* 250 S.W.3d 736, 743 (Mo.App. 2008).

8. We deny the state's motion, taken with the case, to strike part of Lewis's appendix.