

# Missouri Court of Appeals

## Southern District

### en banc

STATE OF MISSOURI, )
                         )
    Plaintiff-Respondent, )
                         )
v. )     No. SD35945
                         )
JAMES DARRIN WOOLARD, )     **Filed:  July 14, 2020**
                         )
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Joe Z. Satterfield

**<u>AFFIRMED</u>**

A jury found James Darrin Woolard ("Defendant") guilty of three counts of first-degree statutory sodomy.[1]  In five points on appeal, Defendant challenges the sufficiency of the evidence to sustain two of his three convictions (points 1 and 2), as well as the admission of certain testimony (points 3, 4, and 5).  Because the convictions he challenges were supported by sufficient evidence, and he agreed to the admission of the evidence that he now attempts to challenge on appeal, we affirm.

---

[1] Section 566.062.1.  All statutory citations are to RSMo 2016.

**Relevant Evidence and Procedural History**

We recite the evidence relevant to Defendant's claims in the light most favorable to the verdict. *State v. Suttles*, 581 S.W.3d 137, 141 (Mo. App. E.D. 2019).

As is all too common in these types of cases, Defendant gained access to his victim ("Victim") by dating her mother. Mother and her children eventually moved in with Defendant around June or July 2016, and Victim was ten or eleven years old at the time of the charged events. The State's Second Amended Information alleged that, between January 1, 2016, and July 22, 2017, the Defendant performed oral sex on Victim in the bedroom (Count 1), rubbed Victim's vagina through her shorts in the office (Count 2), and rubbed Victim's vagina with his hand in the living room (Count 3).

During a summer visit with her father, Victim told him about the sexual abuse, and he reported it to the authorities. Mother moved out of Defendant's residence in July 2017, about two weeks after Victim disclosed the abuse to her father.

Victim did not testify in person at trial. Instead, her recitation of the charged events was put before the jury in several different forms. First, a video-recorded forensic interview, taped in July 2017, was introduced. During that interview, Victim said that Defendant had "licked her" vagina.

The State also introduced September 2017 deposition testimony that Victim gave in connection with a child protection case. During that deposition, Victim testified that Defendant licked her private area for approximately seven minutes, and he rubbed it under her shorts. She also stated that Defendant rubbed her private parts through her shorts on two other occasions, once in the living room and once in the office.

Finally, Victim provided sworn testimony via a November 2018 deposition taken in lieu of trial testimony ("Exhibit 3").  In conformity with her previous disclosures, Victim described an incident in which Defendant had licked her vagina.  She also added that Defendant had touched her private parts through her clothing and had placed his hand in her pants while they were in the office.  Finally, she testified about another time in the office when Defendant had touched her private parts through her shorts.

After deliberating upon its verdict, the jury found Defendant guilty of all three counts.

## Analysis

### *Points 1 and 2 – Sufficiency of the Evidence*

Because Defendant's first two points challenge the sufficiency of the evidence, we address them together.  Point 1 claims the evidence adduced at trial was insufficient to support his conviction on Count 3, in that it failed to prove beyond a reasonable doubt that Defendant had rubbed Victim's vagina in the living room ("the living-room count").  His second point makes the same claim regarding Count 2, which charged that Defendant rubbed Victim's vagina while they were in the office ("the office count").

> In reviewing a claim that there was not sufficient evidence to sustain a criminal conviction, this Court does not weigh the evidence but, rather, "accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[s] all contrary evidence and inferences." *State v. Latall,* 271 S.W.3d 561, 566 (Mo. banc 2008); *State v. Reed,* 181 S.W.3d 567, 569 (Mo. banc 2006). This Court "asks only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty." *Latall,* 271 S.W.3d at 566.

*State v. Claycomb*, 470 S.W.3d 358, 362 (Mo. banc 2015).

3

The living-room count charged that Defendant committed the crime of first-degree statutory sodomy by having "deviate sexual intercourse with [Victim] who was then a child less than twelve years old, by rubbing [Victim]'s vagina with his hand while in the living room." The office count charged that Defendant committed first-degree statutory sodomy by having "deviate sexual intercourse with [Victim], who was then less than twelve years old, by rubbing [Victim]'s vagina through her shorts [with] Defendant's hand while in the office of their home."

Although Defendant argues that because Victim disclosed the touching in the living-room count in only one of her three interrogations (all of which were played for the jury), it is well-established that the jury was entitled to believe that single recitation. *See State v. Anderson*, 348 S.W.3d 840, 844 (Mo. App. W.D. 2011). Asking this court to give that testimony little or no weight disregards our standard of review. *See Claycomb*, 470 S.W.3d at 362.

Defendant also claims that the evidence was insufficient to support his convictions on both counts at issue because the evidence at trial established only that Defendant touched Victim's vagina through her shorts, and skin-to-skin contact is required under the statute. We disagree.

Under section 566.062.1, a person commits first-degree statutory sodomy "if he or she has deviate sexual intercourse with another person who is less than fourteen years of age." As relevant here, section 566.010(3)[2] defines "[d]**eviate sexual intercourse**" as "any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person[.]"

---

[2] Section 566.010 was amended in 2014 (effective January 1, 2017) to add additional definitions. Because the definitions are listed in alphabetical order, many of the pre-existing definitions were renumbered.

Recent Missouri case law has been inconsistent as to whether skin-to-skin contact is necessary to prove "deviate sexual intercourse." In 2009, our court's eastern district reversed a conviction for first-degree statutory sodomy on the ground that touching the victim's vagina "through her clothing constituted sexual contact, not deviate sexual intercourse[,]" supporting only a conviction for the lesser offense of first-degree child molestation.[3] ***State v. Peeples***, 288 S.W.3d 767, 771 (Mo. App. E.D. 2009).

In doing so, the court did not explain why the statutory definition of deviate sexual intercourse excludes touching through the clothing. Instead, it reasoned that because "sexual contact"

> is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person, or the breast of a female person, *or such touching through the clothing,* for the purpose of arousing or gratifying sexual desire of any person[,]" [s]ection 566.010(3) (emphasis added)[, t]he type of touching, whether through or underneath the clothing, is inconsequential. *State v. Patton,* 229 S.W.3d 631, 637 (Mo.App. S.D.2007).

***Id.*** While that is certainly true, it does not necessarily follow that touching through clothing cannot also constitute deviate sexual intercourse. In fact, although in a slightly different context, the same Eastern District earlier noted the similarity between the definitions of "deviate sexual intercourse" and "sexual contact" and stated that conduct supporting one might also support conviction under the other. ***State v. Holmes***, 654 S.W.2d 133, 135 (Mo. App. E.D. 1983).

Two years after ***Peeples*** was handed down, our court's western district affirmed a statutory-sodomy conviction where the victim applied lotion to the defendant's penis

---

[3] First degree child molestation occurs when one "subjects another person who is less than fourteen years of age to sexual contact[.]" Section 566.067.1. "**Sexual contact**" is defined as "any touching of another person with the genitals or any touching of the genitals or anus of another person, . . . or such touching through the clothing[.]" Section 566.010(6). This definition has not substantively changed from the version cited in ***Peeples***.

with a towel. ***State v. Benn***, 341 S.W.3d 203, 209 (Mo. App. W.D. 2011). In doing so, the court rejected an argument that such conduct was insufficient to constitute "deviate sexual intercourse" because "[r]egardless whether a towel was between the victim's hand and [the defendant]'s penis when she applied the lotion, her act of applying the lotion still 'involved' her hand." ***Id.*** at 210.

A year later, our district cited ***Benn*** for the proposition that "one can commit deviate sexual intercourse without skin-to-skin contact." ***State v. Lewis***, 388 S.W.3d 252, 255 (Mo. App. S.D. 2012) (citing ***Benn***, 341 S.W.3d at 209).

Yet in 2018, although it was not necessary to its holding, the Western District cited approvingly to ***Peeples*** in stating that "[d]eviate sexual intercourse' has been held not to include touching through the clothing." ***State v. Adams***, 571 S.W.3d 140, 150 (Mo. App. W.D. 2018) (citing ***Peeples***, 288 S.W.3d at 770-71).[4] None of these post-***Peeples*** opinions required the reviewing court to either directly follow or refuse to follow ***Peeples***' conclusion that touching the genitals of another through clothing cannot constitute deviate sexual intercourse as a matter of law.

The portion of the definition of "[d]**eviate sexual intercourse**" in section 566.010(3) at issue in the instant case is very broad. It includes "*any* act *involving* the genitals of one person and the hand . . . of another person" (emphasis added). Our reading of the plain language of section 566.010(3) leads us to conclude that Defendant's conduct "involved" his hand and Victim's genitals, whether they were separated by an

---

[4] ***Adams*** also cited our opinion in ***State v. Bonich***, 289 S.W.3d 767, 772-73 (Mo. App. S.D. 2009), as "holding that a defendant had not committed deviate sexual intercourse during an incident of hand-to-genital statutory sodomy through the underwear of the victim, but evidence was sufficient to convict for attempted statutory sodomy." 571 S.W.3d at 150. This overstates our actual holding, which addressed only the sufficiency of the "attempt" evidence; we did not address whether actual deviate sexual intercourse had been committed. ***Bonich***, 289 S.W.3d at 769-73. Even if we had, any statement about it would have been *dicta* as Bonich did not challenge his sodomy conviction – only his two lesser convictions for attempted sodomy. ***Id.*** at 768-773.

6

item of clothing or not. *See Benn*, 341 S.W.3d at 209.[5]  And because the presence of clothing is not considered to be an element of "sexual contact," *see State v. Kelso*, 391 S.W.3d 515, 521-22 (Mo. App. W.D. 2013), we see no reason why the absence of clothing between hand and genitals should be considered an element of "deviate sexual intercourse."

Although Defendant's conduct also qualified as "sexual contact," "[w]hen a person violates more than one criminal statute, it is within the prosecutor's discretion to determine the statute or statutes under which the prosecutor desires to proceed." *State v. Miller*, 372 S.W.3d 455, 470 (Mo. banc 2012) (quoting *State v. Hendricks,* 944 S.W.2d 208, 211 (Mo. banc 1997)).

We decline to follow *Peeples* and deny points 1 and 2.

*Points 3 & 4*

Defendant concedes that the remainder of his points are unpreserved and requests plain-error review.  Such a claim places a much greater burden on a defendant, requiring him to show "not only that the trial court committed evident, obvious, and clear error, but also the existence of manifest injustice or a miscarriage of justice." *State v. Stuckley*, 573 S.W.3d 766, 768 (Mo. App. S.D. 2019).

Because points 3 and 4 both concern the admission of evidence by an agreement of the parties, we address them together.  Point 3 claims:

> The trial court plainly erred in admitting [Victim]'s video deposition testimony [Exhibit 3] at trial in lieu of her live testimony under Section 491.680, in that it made no "finding, at a hearing, that significant

---

[5] *See also State v. Clay*, 909 S.W.2d 711, 714 (Mo. App. W.D. 1995) (finding it "undeniable that [the defendant]'s manual insertion of the wooden, penis-shaped object into his daughter's vagina 'involved' both the object and his hand.  As a result, [his] conduct constituted 'deviate sexual intercourse' as defined by the statute").

emotional or psychological trauma to" [Victim] would result from testifying in person and failed to ensure, before any purported waiver or stipulation to this required finding, that any such stipulation was knowing and voluntary.

We disagree.

Defendant acknowledges that he stipulated to the admission of Exhibit 3, and it is well-established that when a defendant "stipulates to the admission of otherwise objectionable evidence, the defendant affirmatively waives any error in its admission, plain or otherwise." *State v. Hughes*, 563 S.W.3d 119, 125 (Mo. banc 2018).

The same is true of Defendant's fourth point, which claims:

The trial court plainly erred in admitting hearsay testimony under Section 491.075,[6] in that the [trial] court made no finding that "the time, content and circumstances of the statements provide sufficient indicia of reliability" and failed to ensure, before any purported waiver or stipulation to this required finding, that any such stipulation was knowing and voluntary.

The following is relevant to that claim. Prior to trial, the State filed notice of its intent to introduce hearsay testimony about statements that Victim had made to three witnesses, along with Victim's deposition testimony. At the hearing scheduled to address that intended course of action, defense counsel stipulated to the admission of Victim's July 2017 recorded forensic interview, her September 2017 deposition testimony in connection with the child protection case, and Exhibit 3, Victim's yet-to-be-taken deposition in lieu of trial testimony. After defense counsel stipulated to the admission of

---

[6] Section 491.075 provides that

[a] statement made by a child under the age of fourteen relating to an offense under chapter [] 566, [] performed . . . by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if[,]

the court finds, in a hearing outside the presence of the jury, that the statements are sufficiently reliable and the child, though physically available, would suffer emotional or psychological trauma from testifying in the defendant's presence. *Id.* at (1) and (2)(a), (c).

that evidence, the trial court inquired about other witnesses. The State told defense counsel that "the hearsay statements that we're putting in are the ones that are attached to our motion." Defense counsel then stated, "Yes. We'd agree to that, your Honor." By affirmatively agreeing to its admission, Defendant waived any claim that the evidence he now attempts to challenge constituted inadmissible hearsay. *See Hughes*, 563 S.W.3d at 125.

Defendant also argues that the admission of all of the foregoing evidence violated his Confrontation Clause rights to confront his accuser in that "the hearing in question where these rights were purportedly waived was only minutes long, and the subject of the first part of the hearing—whether [Victim] could appear by video deposition—was still theoretical in the sense the video in question had not been created." Defendant claims that the relinquishment of his rights in this respect was unintentional, and it resulted in a trial that was fundamentally unfair.

In addition to other barriers to that claim, Defendant has failed to provide us with a copy of the transcript of the hearing he references.[7] Defendant does not claim that he was absent from it (in fact, the trial court's post-hearing written findings specifically noted that he *was* present), and Defendant does not claim that he objected in some manner when defense counsel's agreement to its admission was presented to the trial court. By failing to voice any contemporaneous complaint, Defendant acquiesced in its admission. *See Carr v. State*, 829 S.W.2d 101, 102-03 (Mo. App. S.D. 1992) (noting that counsel in a criminal case may waive his client's confrontation rights by stipulating to the admission of evidence); *see also State v. Madison*, 997 S.W.2d 16, 21-22 (Mo. banc

---

[7] It was Defendant's duty to ensure that we received the complete record on appeal, including the copy of any relevant transcript. **State v. Hinton**, 561 S.W.3d 433, 434 (Mo. App. W.D. 2018).

9

1999) (defendant waived ability to object to his absence at prior offender hearing by saying nothing when he learned that the hearing had taken place in his absence).

Points 3 and 4 are denied.

*Point 5*

Defendant's fifth point claims the trial court plainly erred in admitting expert testimony that Victim's delayed disclosures, behaviors, and affection toward Defendant are commonly seen in victims of child sexual abuse because such testimony was more prejudicial than probative and constituted inadmissible particularized testimony that directly commented on Victim's credibility. We disagree.

> "In cases where the sexual abuse of a child is at issue, there are two types of testimony that are typically at the forefront of a challenge against an expert witness—generalized and particular." [*State v.*] *McWilliams*, 564 S.W.3d [618,] 626 [(Mo. App. W.D. 2018)].
>
> > General testimony describes behaviors and characteristics commonly found in victims. Particularized testimony concerns a specific victim's credibility as to the abuse. The trial court has broad discretion in admitting general testimony, but particularized testimony must be rejected because it usurps the fact-finding role of the jury and thus is inadmissible.

*Suttles*, 581 S.W.3d at 148 (quoting **State v. Rogers**, 529 S.W.3d 906, 911 (Mo. App. E.D. 2017)) (internal citations omitted).

During trial, forensic interviewer Corrie Dudley characterized Victim's behavior as a delayed disclosure case and testified generally about delayed disclosures. Ms. Dudley's testimony "was limited to explaining the process of disclosures generally and the common experiences of children in sexual-abuse cases to withhold allegations after an incident of abuse." **Id.** at 149. "We have repeatedly held that delayed-disclosures

10

evidence is relevant in cases involving child-victims of sexual abuse." ***Id.*** The trial court did not err, plainly or otherwise in admitting such testimony.

Point five is also denied, and the judgment of the trial court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J. – CONCURS

NANCY STEFFEN RAHMEYER, J. – CONCURS

GARY W. LYNCH, J. – CONCURS

DANIEL E. SCOTT, J. – CONCURS IN SEPARATE OPINION

WILLIAM W. FRANCIS, JR., J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS



# Missouri Court of Appeals

### Southern District

#### Division Two

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| Plaintiff-Respondent, | ) |
| v. | ) No. SD35945 |
| JAMES DARRIN WOOLARD, | ) **Filed: July 14, 2020** |
| Defendant-Appellant. | ) |

## CONCURRING OPINION

A view that deviate sexual intercourse cannot happen through clothes may ultimately prevail legislatively or by controlling judicial decision, but cannot fairly rest on the flawed premise that one act cannot fit two criminal-code definitions,[1] particularly in light of contrary case observations both general[2] and specific.[3]

I concur.

DANIEL E. SCOTT – CONCURRING OPINION AUTHOR

---

[1] **State v. Peeples**, 288 S.W.3d 767, 771 (Mo.App. 2009).

[2] *See, e.g.*, **State v. Steffenhagen**, 671 S.W.2d 344, 346 (Mo.App. 1984)(definitions of "deadly weapon" and "dangerous instrument" are not mutually exclusive).

[3] **State v. Holmes**, 654 S.W.2d 133, 135, 136 (Mo.App. 1983)(given similarities in defining "deviate sexual intercourse" and "sexual contact," as well as sodomy and at least one lesser sex crime, "the acts that warrant conviction of one might well support a conviction of the other.").